SOUTHERN RY. CO. *v.* HUTSON (two cases).

*(Nashville,* December Term, 1935.)

Opinion filed March 10, 1936.

6

Cooke, Swaney & Cooke, of Chattanooga, for plaintiff in error, Southern Ry. Co.

S. H. Ford, of Chattanooga, for defendants in error, R. F. Hutson and James Hutson.

Mr. Justice Chambliss delivered the opinion of the Court.

These are two suits brought to recover for injuries alleged to have been sustained by James Hutson, sixteen years old, when struck by a train of defendant company while an obstruction on the track, one suit being by the father and the other by a next friend for the minor. The Court of Appeals affirmed judgments for plaintiffs. It is insisted that motions by the defendant for directed verdicts should have been sustained. It is conceded that there was testimony that the boy was struck by the train and injured and that the statutory requirements applicable when an obstruction appears on the track were not complied with, but the insistence is that this testimony was not only contrary to the great preponderance of the evidence, but that it was so palpably false that the court should reject and disregard it altogether.

Reliance is had upon the rule thus stated in *Nashville, C. & St. L. R. R.* v. *Justice,* 5 Tenn. Civ. App. (5 Higgins), 69, 71, 72: "It seems to be now firmly established that

appellate courts may disregard impossible or palpably improbable testimony and treat it as no evidence. *Quock Ting* v. *United States,* 140 U. S., 417 [11 S. Ct., 733, 851], 35 L. Ed., 501." Counsel for the railway company cite, also, *Klein* v. *Illinois Central R. Co.,* 4 Tenn. App., 563; *Jackson* v. *Texas Co.,* 10 Tenn. App., 235, 245; *Nashville, Chattanooga & St. Louis Railway* v. *Perry,* 13 Tenn. App., 268, 274; *Union Traction Co.* v. *Todd,* 16 Tenn. App., 200, 204, 64 S. W. (2d), 26; *Oliver* v. *Union Transfer Co.,* 17 Tenn. App., 694, 698, 71 S. W. (2d), 478, 480, and others. They quote from the *Oliver case, supra,* the following:

"When the testimony introduced by a plaintiff is shown by the physical facts and surroundings to be absolutely untrue, or when it is so inherently improbable as that no reasonable person can accept it as true or possible, the Circuit Judge should take the case from the jury, notwithstanding oral statements tending to show a right of action."

Conceding the soundness of the rule as applied in this line of cases, this distinguishing element must be kept in mind. The testimony under review is not destroyed by conflicting testimony, never mind how fully supported, when the test is that of the credibility of the witnesses. That improbability of the truth of the plaintiffs' testimony which justifies rejection under this rule may not be rested upon either a mere numerical preponderance, however great, or upon any theory involving consideration of the comparative credibility of the witnesses. The palpable untruthfulness requisite must be (1) inherent in the rejected testimony, so that it contradicts itself, or (2) irreconcilable with facts of which, under recognized rules, the court takes judicial knowl-

edge, or (3) obviously inconsistent with, contradicted by, undisputed physical facts.

For example, if A testifies that his view of an approaching train was altogether unobstructed, and that, having unimpaired vision, he looked directly toward the train, his statement that he did not see it is not to be accepted. He admits a physical fact that destroys his statement. *Klein* v. *Illinois Cent. R. Co., supra,* in which this court denied *certiorari,* was of this class.

Or, if A testifies that he drove up to a track and looked down the track and failed to see a train approaching, or a tower block light signal, because his view was cut off by a bluff or building located a given distance down this track, and a photograph is introduced which beyond dispute is a correct representation of the situation, taken from the point at which he testifies he stood and looked, and it appears therefrom that the bluff or building in question is not in the line of vision from that point, and, therefor, could not have obstructed his vision, then the physical facts contradict and destroy his testimony. It was evidence of this character which was before the court in *Nashville, Chattanooga & St. Louis Railway* v. *Perry,* 13 Tenn. App., 268, 274, in which this court denied *certiorari.*

But this rule does not find application here. There is nothing inherently improbable or unbelievable in the injured boy's account of the accident. His statement that he did not see or hear the train, and that he heard no signals as the train approached from behind him, is not in conflict with any physical facts. The defendant introduces witnesses who testify that he was on top of the train and apparently fell, or jumped from it, and was thus injured, but here was presented only a ques-

tion for the jury to decide as to which of those testifying told the truth. The plaintiff-witness is not materially contradicted except by the oral testimony of defendant's witnesses. (Variations in distances referred to do not appear to us to be material.) In this situation the material evidence rule applies and precludes directed verdicts. In this view the petition for *certiorari* must be denied.