H. G. HILL CO. et al. v. SQUIRES.—153 S. W. (2d), 425.

Eastern Section. February 15, 1941.

Petition for Certiorari denied by Supreme Court, June 28, 1941.

Williams & Williams and C. G. Milligan, all of Chattanooga, for plaintiffs in error.

S. P. Raulston, of South Pittsburg, and Clarence Kolwyck, of Chattanooga, for defendant in error.

PORTRUM, J. In this case the plaintiff below recovered a judgment of $1,800 for the loss of his truck and contents due to a fire caused by a collision or near collision, resulting in the plaintiff running

his truck off of the highway, turning it over, when it was destroyed by fire. The basis of the suit is that a truck belonging to the defendant H. G. Hill Company was negligently driven over onto the wrong side of the road and upon the plaintiff's side by the servant of the defendant and operator of the truck, causing thereby the plaintiff to run into the ditch.

The defense and sole question relied upon in this court is the identity of the truck causing plaintiff to run into the ditch. It is insisted that there is no material proof establishing the identity of the truck and the truck causing the injury was owned by the defendant.

Plaintiff was hauling a truck load of beans from Florida north, passing through Chattanooga on his route; he had passed through the city and was traveling upon the public highway, going towards Nashville, on the morning of January 4, 1940, at between 5 or 5:30 a. m., which was before the break of day, and was near the toll bridge over the Tennessee River below Hales Bar Dam, when he met a convoy of trucks, three in number, the first two traveling about 100 yards apart and the third following about one-quarter of a mile behind; plaintiff passed the first two without injury, but approaching a curve the third truck cut the curve running upon the plaintiff's side of the highway, and forcing the plaintiff off of the road and onto the inside of the curve, when the plaintiff's truck turned over and in a short time ignited and burned up. The trucks did not collide. Following the plaintiff's truck was a C. C. C. truck driven by one Robert Smith, and Smith saw the three trucks meeting the plaintiff Squires and passing him, and that the third truck "seems to have been on the inside of the curve instead of the right or middle of the road, forcing Mr. Squires off of the road." Neither plaintiff Squires nor Smith were able to identify the trucks as they passed, other than to note the color of the last truck which was red. Smith stopped his car and talked to Squires at the scene of the accident for a few minutes, and while there no car passed upon the highway, and for the purpose of identifying the trucks if possible, Smith then drove to the toll bridge less than a mile away, and inquired of the bridge keeper the identity of the three trucks. The bridge keeper stated that they had paid the toll and that they belonged to the defendant H. G. Hill Company, naming the driver of the rear truck which allegedly caused the accident. At the trial the defendant stipulated with the plaintiff that it owned three trucks which had been identified by the toll bridge attendant and that these trucks crossed this bridge at about 5 o'clock on January 4, 1940. It is established that there is no side road between the place of the accident and the bridge from which trucks could enter into or on the highway between the place of the accident and the bridge. The bridge attendant further testified that the last Hill truck was red.

Here we have the testimony of two men, Squires and Smith, that a convoy of three trucks, the last being a red truck, passed Squires going in the direction of Chattanooga, and that the last truck crowded Squires off of the highway. Neither of these witnesses knew who the truck belonged to, but they knew the last truck was a red truck, and no other truck passed the scene of the accident while Smith was there nor on his way to the bridge, and that when he arrived at the bridge and called the attention of the bridge attendant to the truck convoy, the bridge attendant identified he truck and driver as the servant and truck of the defendant Hill Company.

The plaintiff insists that this testimony, if true, establishes beyond a doubt the identity of the truck causing the injury. And since the credibility of the witnesses is a question for the jury, then that the evidence will be given full credence in this court from which there can be no doubt of the identity of the truck. On the other hand, the defendant insists that the identity is established by circumstantial evidence and rests only upon a presumption of law; that Squires nor Smith cannot say positively whose truck it was and who was driving the truck that caused the accident. That the three colored drivers of the Hill convoy state that they passed the plaintiff's truck upon the highway and that when they passed it was in the ditch and had turned over, and this positive evidence overturns and destroys the presumption forming the basis of the plaintiff's identity of the truck.

And it is further insisted that the toll keeper testified that the last Hill truck had hardly had time to drive off of the bridge when Smith drove up and asked about the identity of the trucks. This testimony was in conflict with the testimony of Smith, for if Smith passed the last convoy truck upon the bridge it could not have caused the accident. Here we have a conflict in the testimony between two of the plaintiff's witnesses, but the jury was the judge of which was telling the truth, and it was not necessary to arbitrarily discard the evidence of either. It was night time, and the toll keeper was not impressed by the passing of the trucks across the bridge. He could have dozed off and lost the account of the passing of time, his mind was not focused upon any particular thing; this was not true as to Smith, he was upon the alert, had seen the trucks pass and the accident and was on his way to the bridge to make inquiry. He was upon the alert and it is not probable that he was mistaken or lost account of time. Smith was not mistaken, and his testimony was willfully false if in fact he passed the last Hill truck upon the toll bridge; the toll keeper could easily have lost the account of time and been mistaken in his impression that the last Hill truck had shortly left the window and had not time to get off of the bridge, which is one-half mile in length, before Smith appeared at the window. The jury reconciled this testimony and from the evidence of Squires, Smith,

and the toll bridge attendant concluded that the Hill truck caused the accident and that the defendant was responsible.

██ It is first insisted that the plaintiff's evidence of identity is so inherently improbable that no reasonable person can accept it as true, and the Circuit Judge should have taken the case from the jury. Citing Southern R. Co. v. Hutson, 170 Tenn., 5, 91 S. W. (2d), 290; and the case of Tennessee Coach Co. v. Brock,[1] Polk Law, decided by Judge McAmis, and applying this rule upon these facts: "According to plaintiff, the combined speed of the two vehicles was 80 miles or more per hour. At this rate of speed they approach each other at a rate of 118 feet or more per second. The bus traveled in plaintiff's view a distance of only 90 feet and, consequently, was visible to him less than one second. In this fractional part of a second he testified that he saw the bus cross the black line, put on his brakes to slow his car down, pull to the right and off on the shoulder of the highway, while doing so, was able to read the name of the bus and the place of its destination printed on the wind shield. The foregoing testimony of the plaintiff is the only evidence identfying the ascending vehicle as one of the defendant's buses. . . ."

The facts in the instant case present no inherently improbable situation. Anyone can see a red truck pass upon the highway and cause an injury, and can make inquiry and ascertain from one who knows the owner of the truck and the identity of the driver. If such testimony is inherently improbable and no reasonable person can accept it as true, then where would we look to find testimony of probative force?

And it is next insisted that the plaintiff's proof of identity is based solely upon a legal presumption, and that a presumption must give way in the face of positive testimony to the contrary, and since the driver of a convoy truck denies causing the plaintiff to run off the road, stating that he was already off the road when he passed, then there is no rule for a presumption of identity since plaintiff and Smith were unable to state who owned the truck or who was driving it.

██ ██ A legal presumption is a fiction of the law and is an assumption for convenience, but where proof to the contrary is introduced, the assumption is waived for it is no longer logical to assume a fact which is refuted by positive testimony. Frank v. Wright, 140 Tenn., 535, 543, 205 S. W., 434. But instances arising from proven circumstances take on a higher quality of evidential value, and to deny by positive proof the inference arising from the circumstances will not destroy it, otherwise tracks, finger prints, etc., would have no evidential value so long as the defendant was willing to deny them. So, an inference arising from proven circumstances is of a higher

---

[1] No opinion for publication.

character of evidence than a legal presumption and the inference is not destroyed by contradictive testimony.

The same issue was before this court in the case of Pinnacles Sales Co. and Bill Renfro v. Sam Pat Thompson, Administrator,[1] Knox Law, decided January, 1940, and writ of certiorari denied by the Supreme Court. In that case the court said: "The presumption of law disappears in the face of substantive evidence to the contrary, provided the evidence is not impeachable from the record, but circumstantial evidence may contradict the positive testimony and corroborate the presumption. If this were not the fact it would be impossible to convict the defendant when he was of a mind to deny proven circumstances. The inference arising from the circumstantial evidence is of higher evidential quality. then a mere presumption of law; a logical and legitimate inference arising from proven circumstantial facts cannot be destroyed as a matter of law by the positive testimony of witnesses; there is then established a conflict of testimony to be determined by the jury. We do not think it necessary to enter into a review of the authorities to establish this point."

But see Bryan v. Aetna Life Insurance Co., 174 Tenn., 602, 130 S. W. (2d) 85, wherein it is held that in a civil case circumstances which usually attend the essential fact may be taken as establishing that fact.

We think there is evidence to support the verdict of the jury, and the contributory negligence of the plaintiff was also a question for the jury. The judgment of the lower court is affirmed with costs.

McAmis and Ailor, JJ., concur.

[1] No opinion for publication.