Murel (Merle) Mitchell Marie and Rue Marie,

*v.*

State of Tennessee.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

HUGH C. SIMPSON, Knoxville, for plaintiffs in error.

THOMAS E. FOX, Assistant Attorney General for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the criminal court of Knox County by Murel (Merle) Mitchell Marie and Rue Marie, hereinafter called the defendants, from a conviction of the crime of possessing intoxicating liquors. They were sentenced to serve 5 months and 29 days in the county workhouse and were fined $200 also.

The assignments of error are, as follows:

(1) "That the evidence preponderates against the verdict and in favor of the innocence of the accused.

(2) "That the Court erred in overruling a motion made in behalf of defendants to suppress the evidence on the ground that such warrant was a 'John Doe alias', rather than one in which the defendants were named."

The evidence in the case is correctly stated on the brief of the Assistant Attorney General, as follows:

"The City Policemen of Knoxville, Tennessee, obtained a search warrant from the City Judge sometime after 4:00 P.M., March 30, 1956, to search a boiler room and basement of the Dunbar Hotel, located at 105 S. Gay Street, Knoxville, Tennessee, owned by the defendant Rue Marie and managed by the defendant Murel Marie. (Tr. 2-4, 19, 46 and 58). A search of the premises described in the search warrant resulted in the officers finding twenty-four (24) one-half pints of bonded whiskey wrapped in brown paper and buried in the coal pile, in the basement of the hotel. (Tr. 13).

"In addition to managing the hotel Murel M. Marie served as clerk at the hotel from 8:30 P.M. until about 7:00 A.M. the next morning. A Mr. Rankin, deceased at the time of this trial, was on duty in the day time and was on duty at the time of the raid. However, Murel M. Marie slept in the hotel during the day and he came 'downstairs' at the time the officers found the whiskey. (Tr. 14). This was about 7:00 P.M. (Tr. 65). He denied any knowledge of the whiskey. One of the officers testified that Rue Marie was upstairs in his room shortly after the whiskey was found. (Tr. 26-27). Rue Marie denied that he was there but admitted that he kept a room in the hotel to use when he was there checking the accounts. (Tr. 59-61). He denied any

knowledge of the whiskey and was not arrested until a day or two later. (Tr. 26).

"The testimony of the officers and the defendants indicated that there was a basement door to the hotel that opened into an alley under the Jackson Avenue ramp, providing a means of entering the hotel without going through the lobby. (Tr. 18 and 49). There was also a passageway from the lobby of the hotel to the basement. (Tr. 58).

"There was evidence to indicate that whiskey had been found at the hotel for about ten days prior to the day in question. (Tr. 60-67). And sometime prior to that date defendants had been enjoined from selling whiskey in Knoxville. Later they were punished for a violation of the injunction. (Tr. 70)."

We have carefully read the statement of facts as appears in the brief of defendants' counsel. It differs very little, if any, from that which we have quoted from the State's brief. In fact, we do not understand that any factual issue is in serious dispute. The sole question to be determined is whether or not the conviction of these defendants can be sustained upon the presumption of law that they were the owners and the possessors of the whiskey discovered in the basement of the Dunbar Hotel.

Counsel for the defendants has cited the case of *Tinsley v. State,* unreported, as being applicable to the case at bar and justifies a reversal. It is true in the Tinsley case that the evidence failed to show that the defendant had any knowledge of whiskey being kept or sold in the hotel, and furthermore that Tinsley had the whiskey in his possession and he alone was responsible for it.

202

The State relies upon *Lampley v. State,* 196 Tenn. 534, 268 S.W.2d 572, and insists that the facts in the instant case bring it within the holding of the Court in the Lampley case. But with all deference to the State's counsel, we must disagree.

█ The legal presumption of law which is deemed sufficient to convict a defendant of possessing intoxicating liquor arises from the fact that there is no evidence on the part of the defendant to overcome or rebut this presumption. In *Lampley v. State, supra,* it appears that members of the Highway Patrol procured a warrant to search a building in Henry County referred to as "The Barn", which was being used as a beer tavern. The search resulted in the discovery of a considerable quantity of intoxicating liquor. The owner of the premises was not present, and according to the opinion in this case, there was a complete lack of evidence as to the ownership of the liquor so found. In discussing the presumption of law and the lack of evidence to overcome it, Mr. Justice Burnett had this to say:

"* * * We have in this case only the bare fact that Lampley was the owner of the premises. Lampley does not take the witness stand and offers no evidence to rebut any legal presumptions that might be followed by reason of the fact that he is the owner of the premises. Therefore it is obvious, since *there was no testimony offered to negative this well known legal presumption that when whisky was found on the premises of a person it is presumed to be his, we must conclude that it is Lampley's whisky.*" (Emphasis supplied.)

█ The foregoing is in line with the general trend of authority, thus in 31 C.J.S. Evidence sec. 117, p. 731, it

is said: "A presumption of law is an inference which, in the absence of direct evidence on the subject, the law requires to be drawn from the existence of certain established facts."

■ In *Siler v. Siler,* 152 Tenn. 379, 277 S.W. 886, 887, it is said (Mr. Justice McKinney speaking for the Court), "A presumption is a substitute for evidence"; also in *H. G. Hill Co. v. Squires,* 25 Tenn.App. 164, 153 S.W.2d 425, 427, it is said: "A legal presumption is a fiction of the law and is an assumption for convenience, but where proof to the contrary is introduced, the assumption is waived for it is no longer logical to assume a fact which is refuted by positive testimony."

■ It is said in 31 C.J.S. Evidence, *supra,* at sec. 119: "* * * a presumption cannot *in itself* possess probative weight, but merely *necessitates evidence to meet the prima facie case which it creates"*, citing numerous authorities in the footnotes. (Emphasis ours.)

In the instant case there is evidence on the part of the defendants in contradiction of the State's proof that the whiskey in question was possessed and owned by them. The learned trial judge ruled during the trial of this case that evidence of prior convictions and proceedings to close the hotel as a nuisance was not to be considered by the jury for any purpose, the case being submitted to the jury solely on the legal presumption and the evidence in contradiction thereof.

■■ This is a circumstantial evidence case and the rule is well settled that the evidence must be consistent with the guilt of the defendants and inconsistent with their innocence, and sufficiently strong to overcome every

other reasonable hypothesis except that of guilt. It may be true, although we do not express an opinion at this time, that it is a question for the jury to determine whether or not the evidence offered by the defendants is sufficient to overcome the legal presumption against them. While we have the legal presumption against them, we also are mindful of the fact that in the trial court there was a presumption of innocence, and this presumption stands as a witness for them and until it is overcome by competent and credible evidence of such probative value as to establish their guilt beyond a reasonable doubt.

■ Considering the probative value and effect of the legal presumptions of guilt as against the presumption of innocence, we agree with the following authoritative statement: ''So, though the decisions are not harmonious, the better and more reasonable view is that the law will not countenance any presumption, which by over-coming the presumption of innocence will cast the burden of proving his innocence upon the defendant.'' Underhill's Criminal Evidence, Fifth Edition, Section 43, p. 66.

■ Running through all our decisions there is a constant repetition of the generally accepted rule that proof of possessing intoxicating liquors, as in the case at bar, constitutes *prima facie* evidence of guilt, and is sufficient only when there is no reliable and credible evidence offered in rebuttal. *Lampley v. State, supra.*

''The effect of a presumption is to invoke a rule of law which compels the jury to return a verdict in accordance therewith, in the absence of any evidence to the contrary from the other side. If the opponent does

present such evidence, then the presumption vanishes and the jury may consider the proof free from any such rule.'' 20 Am.Jur. (Evidence), Section 166, p. 170.

"Wigmore takes the view that there is only one kind of presumption, properly so-called, viz., the presumption of law, and that the term 'presumption of fact' should be discarded as useless and confusing. Wigmore Ev. 2d ed. sec. 2491. The latter kind of presumption is, in reality, merely an inference of fact to be drawn from the evidence.'' 95 A.L.R. at page 879.

A vast array of decisions are cited in support of the view that a mere legal presumption ''is not evidence.''

It cannot be doubted that under certain circumstances a legal presumption of guilt ''vanishes'' or ''disappears'', so to speak, resulting from credible proof in rebuttal of such a presumption. On the contrary it may prevail where the defendant fails to testify in rebuttal, or when his testimony is unbelievable. In no case is the jury privileged to arbitrarily disregard the testimony of any witness.

Our courts have held that ''a legal presumption is a fiction of the law'', and ''an inference arising from proven circumstances is of a higher character of evidence than a legal presumption and the inference is not destroyed by contradictive testimony.'' *H. H. Hill Co. v. Squires,* 25 Tenn.App. 164, 153 S.W.2d 425, 427. See also *Frank v. Wright,* 140 Tenn. 535, 205 S.W. 434.

We think the learned trial judge was in error in overruling the defendants' motion for a new trial. He apparently was under the erroneous impression that the

case was controlled by *Lampley v. State, supra.* Upon this issue we respectfully disagree.

The assignments of error are sustained, and the case is reversed and remanded.