Argued April 22, affirmed April 29, 1959

## WOODFINE *v.* MAIER

338 P. 2d 681

*Brazier C. Small,* of Salem, argued the cause and filed a brief for appellant.

*Malcolm F. Marsh,* of Salem, argued the cause for respondent. With him on the brief were Marsh, Marsh & Dashney, of McMinnville, and Edward L. Clark, Jr., of Salem.

Before Rossman, Presiding Justice, and Perry, Sloan and Crawford, Justices.

CRAWFORD, J. (Pro Tempore)

Defendant appeals from an adverse judgment entered on the verdict of a jury. He assigns as error the lower court's rulings on his motions for nonsuit, directed verdict, withdrawal of charges of negligence and for judgment notwithstanding the verdict, all presenting the primary question stressed in brief and argument, the sufficiency of the evidence. Also criticized is the instruction given on circumstantial evidence.

The controversy arose over an automobile accident occurring April 30, 1954, approximately two miles west of Fern's Corner, on a curved portion of the Dallas-Falls City highway in Polk County, Oregon. Plaintiff was operating her automobile in a westerly direction on the northerly and right side of the highway. Defendant was driving easterly. Plaintiff claimed she was forced off the road by defendant's car, allegedly traveling on the northerly and wrong side of the highway. There was no contact between the cars. The other car involved did not stop at the scene of the accident. The defendant disclaims any knowledge of the accident or participation in any way. Plaintiff's case was based largely on circumstantial evidence. The accident occurred on a curve. The issue of identity became the paramount one.

There was substantial evidence of the following facts: Plaintiff and her husband, passenger in her car, testified the car forcing them from the road was being driven at excessive speed and on the wrong side of the road; that it had a red top and yellow bottom.

The car was a Mercury. The evidence beyond question places defendant at the scene of the accident within minutes of its occurrence, driving a Mercury with red top and yellow bottom in the direction claimed by the plaintiff. Defendant owned such a car. It further appears this was the only car answering such description in the vicinity at the time. And that a car with red top and lighter bottom passed Dr. Bartell, a witness, west of the scene of the accident, and a few minutes later the witness came upon the scene. Shortly after the accident a state police officer identified the defendant driving a car so described at a point about two miles east of the location. The circumstances supplied sufficient proof of identity to take the case to the jury. *H. G. Hill Co. et al. v. Squires,* Tenn Ct of App (1941) 153 SW2d 425; *Zolton v. Rotter,* 321 Mich 1, 32 NW2d 30; *Austin v. Portland Traction Co. et al.,* 181 Or 470, 182 P2d 412; *Card v. Boms,* 210 Cal 200, 291 P 190. We quote from *Garippa v. Wisotsky et al.,* 108 NYS2d 67:

"* * * Responsibility for hit and run accidents is seldom established by direct proof. The malefactor hopes for successful flight without detection or observation. The injured party must of necessity resort to proof of circumstances to establish the identity of the party responsible for his injuries. Such circumstances are here in evidence. It is highly improbable that two identical trucks made the same left turn at the same hour of 5:30 A. M. on the day in question. Nor is it incumbent on plaintiff to show there was no other truck of an identical description."

Defendant contends any circumstantial evidence was overcome by defendant's evidence as a matter of law, citing *Wiebe v. Seely,* 215 Or 331, 335 P2d 379; *Judson v. Bee Hive Auto Service Co.,* 136 Or 1, 294 P 588, 297

P 1050; *Sullivan v. Mountain States Power Co.*, 139 Or 282, 9 P2d 1038; 74 ALR 944. Plaintiff does not question the law but its application, and calls attention to the Bee Hive case, at page 14: "The fact of rental of the automobile is established by uncontradicted evidence of *such substantial character as to leave no reasonable doubt.*" (Emphasis supplied.) And from the Seely case: "When the fact otherwise presumable, is negatived by proof, free from question and contradiction, no room remains for a favorable presumtion. \* \* \*"

What then is the defense testimony "established by uncontradicted evidence of such substantial character as to leave no reasonable doubt"? Defense witness Cummings testified plaintiff's car slid on the curve and that only the two right wheels were off the pavement. This testimony is contradicted by the Woodfines, referring to the same accident, who testified that after being forced from the road their car completely left the highway and hit a log. The witness also testified he could see between 200 and 300 feet up the road and saw no other car at the time of the accident. This is also contradicted by the Woodfines, who testified another car forced them off the road. Defendant Maier testified he passed the scene of the accident at approximately five minutes after six and 25 minutes before Mrs. Woodfine says she was forced off the highway. This is contradicted by witness Zellmer whose testimony clearly indicates he checked defendant's car minutes after the accident. The defendant and witness Hickman testified the witness was in the defendant's car. This is contradicted by the testimony of the Woodfines to the effect that they saw but one person in the defendant's automobile. Defendant and witness Hickman testified they neither saw nor passed

any cars at Cumming's Corner. This is contradicted by the testimony of the plaintiff and by the circumstantial evidence.

In our opinion the evidence is not sufficiently "clear, positive and uncontradicted" as to warrant a conclusion that the presumption of the circumstantial evidence has been overcome." *H. G. Hill Co. v. Squires,* supra. It does not negative "reasonable doubt." *Austin v. Portland Traction Co.,* supra. Nor is it "uncontradicted." Defendant's evidence does not overcome the direct and circumstantial evidence of the plaintiff. The contradictions and conflicts were for the jury to resolve.

So far as the instruction concerning circumstantial evidence is concerned, no adequate exception was taken; further, we find no error in the instruction as given. There was no error in failing to instruct as to the "physical facts." From which it follows, the case is affirmed.