**Sherida WILSON et al., Plaintiffs,**

v.

**Frances DELAY, Defendant.**

**Civ. A. No. 6408.**

United States District Court,
E. D. Tennessee, S. D.

Aug. 22, 1972.

On Motion for Judgment N.O.V.
Sept. 25, 1972.

Harry Weill, Roberts, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for plaintiffs.

Fred H. Moore, Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The plaintiffs proposed to offer a report of the diagnosis and prognosis of Mrs. Wilson and Mr. Baird prepared by, or under the direction of, their treating physician Dr. Odon F. von Werssowtz, who is now deceased. This report contains conclusory observations in the nature of opinions of the physician.

Such report is not admissible under the statutes of the United States, under the rules of evidence formerly applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of Tennessee. Rule 43(a), Federal Rules of Civil Procedure. Such reports are inadmissible under the Federal Business Records Act, 28 U.S.C. § 1732(a). Business Records Act—Hospitals, 9 A.L.R. (Fed.) 457, 468 [b]. It was error for the trial court to admit evidence of an autopsy report in a workmen's compensation action, on the basis that the admission of

the report deprived the defendant of the right of cross-examination. Neas v. Snapp (1968), 221 Tenn. 325, 426 S.W. 2d 498. The objection of the defendant to such evidence accordingly was sustained.

■ The defendant undertook to rely on T.C.A. § 59–828(a), (b). This statute has no application to the facts presented. It is stipulated that the accident involved occurred at or near the intersection of Rossville Boulevard, a through street, and Gifford Street, which was designated by a stop sign. T.C.A. § 59–828 " * * * applies to unmarked intersections, that is to intersections that are not designated by a stop sign or other traffic control devices. * * *" Ledford v. Fisher (1969), Tenn., 439 S.W.2d 781, 783.

## ON MOTION FOR JUDGMENT N.O.V.

The plaintiffs moved the Court for a judgment notwithstanding the verdict of the jury, Rule 50(b), Federal Rules of Civil Procedure, or, in the alternative, for a new trial herein, Rule 59(a)(1), Federal Rules of Civil Procedure. The Court has considered such motion, in its alternatives, and all the grounds urged in its support, and will discuss those matters deemed necessary to a decision of the motion.

This action involves an intersection motor vehicular accident. The defendant Mrs. Delay was proceeding in her automobile eastwardly on Gifford Street in Chattanooga, Tennessee, intending to turn northwardly (to her left) onto Rossville Boulevard. The plaintiff Mrs. Wilson was proceeding northwardly on Rossville Boulevard in her husband's automobile, with her co-plaintiff Mr. Baird riding as a guest passenger therein. Mrs. Delay stopped at such intersection in obedience to a stop sign. Mrs. Wilson and Mr. Baird saw the Delay vehicle while it was thus stopped for a distance of about two city blocks. Mrs. Delay then committed an act of proximate negligence in failing to yield the right-of-way to the Wilson automobile which was then approaching her so closely on Rossville Boulevard, a through highway, as to constitute an immediate hazard. T.C.A. § 59–830. A collision ensued between the two vehicles.

■ The defendant charged that Mrs. Wilson was contributorily negligent, *inter alia*, in failing to keep a proper lookout ahead. Responsive to this issue, the Court charged the jury, *inter alia*, that it is the duty of every driver of every motor vehicle to maintain a constant lookout ahead, and to drive in such a manner that he can bring his vehicle to a stop if normal hazards of driving in modern-day traffic are encountered, this duty increasing as the driver approaches an intersection where traffic is likely to be stopping or turning. See Harris v. Miller, C.A.Tenn. (1940), 24 Tenn.App. 332, 336 [4], 144 S.W.2d 7, certiorari denied (1940). There was evidence herein from which the jury might have found that Mrs. Wilson was guilty of contributory negligence, by failing to keep a proper lookout ahead, especially after she had seen the Delay automobile stopped at the aforementioned intersection. This Court is not free to reweigh the evidence and disturb this finding of the jury, because the jury might have drawn different inferences from the evidence or even because the judge might feel another result on this issue would have been more reasonable. Tennant v. Peoria & Pekin Union R. Co. (1944), 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520, 525 (headnotes 7, 8); Trice v. Commercial Union Assurance Company, C.A. 6th (1964), 334 F.2d 673, 677 [6], certiorari denied (1965), 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801.

■ The defendant charged that the plaintiff Mr. Baird was guilty of contributory negligence, " * * * in continuing to ride in said [Wilson] automobile without warning, protesting or remonstrating with the plaintiff, Sherida Wilson, in the negligent operation of her husband's automobile * * *." The Court does not now recall any evidence of the negligent opera-

tion of her husband's automobile by Mrs. Wilson, which came to the attention of her coplaintiff Mr. Baird in time for him to have acquired a duty to warn, protest or remonstrate with the driver, until at an instant before this collision occurred. He had a right to assume that both Mrs. Wilson and Mrs. Delay would obey the law, Cline v. United States, D.C.Tenn. (1962), 214 F.Supp. 66, 72, and he did warn Mrs. Wilson when it became apparent to him that Mrs. Delay's automobile had become a hazard. In the circumstances presented, under Tennessee law, any negligence of Mrs. Wilson cannot be imputed to Mr. Baird. Illinois Cent. R. Co. v. Sigler, C.C.A. 6th (1941), 122 F.2d 279, 283 [5].

It results that the motion of the plaintiffs Mr. and Mrs. Wilson hereby is denied, and the motion of the plaintiff Mr. Baird for a new trial hereby is granted. Counsel for Mr. Baird and Mrs. Delay will confer and, within 30 days herefrom, report to the Court through the clerk the possibility of a settlement of such claim in advance of a new trial.