Jerry W. HENRY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 26, 1977.

Certiorari Denied by Supreme Court March 6, 1978.

Dale Quillen, Nashville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., John E. Rodgers, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

GALBREATH, Judge.

This is a classic circumstantial evidence case. Following a burglary of a McDonald's Restaurant in Nashville on Febru-

ary 8, 1975, the defendant's wallet was found a few feet from a hole in the ceiling that had been made after entrance had been gained through another hole in the roof. The jury rejected the defendant's explanation that his wallet must have been previously stolen by the thief who either lost it or purposefully left it at the scene of the crime to incriminate him.

The appeal from the burglary conviction and sentence of not less than three nor more than six years in prison contends only that the evidence preponderates against the verdict. This contention was resolved by the trial jury and court below, and we cannot disturb that adverse finding unless it is demonstrated here that there is more evidence of innocence than of guilt in the record, because the defendant is before us encumbered with the presumption of guilt. Whether or not he offered a reasonable explanation of the incriminating fact that convicted him so as to raise a reasonable doubt as to his guilt was an issue for the jury to settle. The standard of excluding all reasonable theories other than guilt before convicting an accused on evidence which is totally circumstantial, as detailed in *Marie v. State*, 204 Tenn. 197, 319 S.W.2d 86 (1958), is not an appellate review standard. See *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). Here we look to the preponderance of the evidence as discussed at length in *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

The judgment is affirmed.

RUSSELL, P. J., and DAUGHTREY, J., concur.