**Jon William HARPER et al., Plaintiffs,**

**v.**

**GRUNDY MOTEL COMPANY, INC. et al., Defendants.**

**No. CIV–4–77–20.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 14, 1978.

See also, D.C., 498 F.Supp. 910 and 498 F.Supp. 913.

J. D. Lee, Madisonville, Tenn., for plaintiffs.

John D. McMahan, Fred M. Milligan, Chattanooga, Tenn., and John M. McCord, Tullahoma, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a diversity action for damages for wrongful death arising from a railroad grade–crossing accident. The plaintiffs' decedent died on June 8, 1976 as a result of injuries which she sustained when her automobile was struck broadside on its left by a locomotive of the defendant railroad while making an exit across an easement owned by, and from the premises of, the defendant motel company, which operated a Holiday Inn there. At the conclusion of the plaintiffs' evidence, all defendants moved the Court for a directed verdict. Rule 50(a),

Federal Rules of Civil Procedure. The Court granted the motion.

The evidence presented by the plaintiffs reflected without dispute that the decedent's automobile was proceeding southwardly and the locomotive was proceeding westwardly when they collided, and that vehicular traffic proceeding southwardly is warned of the presence of the railroad tracks on which the locomotive was proceeding by a crossbuck warning sign and stop sign located at the southeasterly corner of such exit crossing. It is undisputed that a motorist who is driving southwardly making such an exit is able to see 1,000 to 1,500 feet eastwardly from the crossing. It is stipulated that at the pertinent time the weather was clear and the road was dry. The accident occurred during daylight hours.

The plaintiffs offered (by deposition) the testimony of Sister Mary Raphael Peregrine, who was the only eye–witness to the tragedy who testified. She was riding as a passenger in an automobile driven by a female friend. This pair had intended to stop for fuel or at this Inn for lunch and had entered the parking area of the Inn by crossing the same railroad tracks at a point some 150' to the east of the exit across another easement owned by the motel company which served as an entrance to the Inn.

The decedent, Mrs. Harper, had also utilized this entranceway and crossed the easternmost of the two crossings before having lunch at the Inn. The Harper automobile was departing the premises of the Inn as the aforementioned women were arriving. The automobile in which Sister Peregrine was riding stopped only momentarily at the Inn, because these women either discovered fuel was not available or changed their minds about having their lunch at the Inn and soon resumed their journey, following behind the Harper automobile at a distance of about 3 car–lengths. Sister Peregrine described what followed in these words:

* * * [W]hen we saw the train and heard the train coming, it appeared that the car was–we thought it would stop. It

was moving very slow, slow rate, towards the tracks. It just never stopped. It seemed to keep a constant speed going right onto the tracks and getting hit.

* * * * * *

Q. Could you hear the railroad train?

A. Yes, we could hear it.

Q. What did you hear, Sister?

A. It was like a typical train horn, like.

* * * * * *

Q. Sister, did you notice any obstructions at all in the area, from the exit of the Holiday Inn area?

A. No, I don't remember any.

* * * * * *

This witness testified that she does not remember seeing the crossbuck or stop signs in the exit area; however, she testified that, when she looked toward the railroad tracks after hearing a series of blasts from its horn, she had no difficulty in seeing the oncoming train.

■ Mrs. Harper's failure to stop or slow down, or even look for approaching trains at the exit crossing despite the presence of a clearly visible crossbuck warning sign and a stop sign, constituted, as a matter of law, contributory negligence which was a proximate cause of her death. It is unnecessary, accordingly, to determine whether any of the defendants were negligent in any respect. *Newport v. Cincinnati, New Orleans & Texas Pac. Ry.*, C.A. 6th (1975), 509 F.2d 1246[1].

In *Newport, supra*, which was remarkably similar on the comparative facts to the factual situation herein, Solicitor General (then Circuit Judge) McCree stated, *inter alia*:

* * * As a general rule, "[t]he law in Tennessee * * * provides that whether or not a plaintiff acted with due care is [a question] for determination by the jury." * * * Nevertheless, in some cases, where reasonable minds could reach only one conclusion–that plaintiff failed to exercise ordinary care and that his [or her] negligence was the proximate cause of his [or her] injury–it is appropri-

ate to remove the case from the jury's consideration.

In Tennessee, "a railroad crossing is a warning of danger and a motorist is required to exercise ordinary care for his [or her] own safety, including the precautions of stopping, looking and listening where ordinary care would require as much."

* * * * * *

*Ibid.*, 509 F.2d at 1248[2].

■ The undisputed facts disclosed that the crossbuck and stop signs were clearly visible to Mrs. Harper and that she failed to look, stop or slow down for the approaching train. If she had slowed down and looked after seeing the crossbuck and stop signs, the evidence of physical facts (provided graphically by the exhibits of the scene of the accident) render inescapable the conclusion that Mrs. Harper would have seen the train. A motorist who proceeds across a railroad track without looking for danger of which he or she is warned by a crossbuck and stop signs cannot be said to have exercised due, or any, care for his or her own safety. *Ibid.*, 509 F.2d at 1249[3].

This Court holds, therefore, as a matter of law, that the plaintiffs' decedent's failure to slow down and look for approaching trains after being apprised of that danger by the crossbuck and stop signs constituted contributory negligence which proximately caused her injury. Accordingly, this Court properly directed a verdict herein for all of the defendants.