959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin THOMAS and Cecelia Thomas, Plaintiff-Appellees,
v.
CSX TRANSPORTATION, INC., Defendant-Appellant.
 Nos. 91-5609, 91-5652, 91-5674.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before MILBURN and RYAN, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal arose from a suit for personal injuries in which the plaintiffs, Kevin and Cecelia Thomas, sought damages for personal injuries and loss of consortium. At trial, the jury returned a verdict in favor of the plaintiff, Kevin Thomas, in the amount of $2,000,000.00 and in favor of the plaintiff, Cecelia Thomas, in the amount of $250,000.00. Upon motion of the defendant for judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur, the trial court suggested a remittitur to reduce the verdict by fifty percent. We affirm the decision of the lower court.
 
 
 2
 Kevin Thomas [Thomas], was loading railroad wheel assemblies weighing approximately 2,800 lbs onto his flatbed tractor-trailer with the assistance of a forklift operator named Frank Sadler [Sadler], an employee of CSX Transportation, Inc. [CSX]. Realizing that the final assembly was not resting securely on the truck, Thomas chocked one of its wheels and proceeded to inspect the remaining assemblies from the passenger side of the truck to determine what was causing its instability. Meanwhile, Sadler pulled his forklift away from the truck, removing the additional support for the assembly that the forklift provided. Thomas counted the assemblies as he returned to the rear of the truck. When he reached the final wheel assembly it rolled off of the trailer and struck him, causing substantial injuries which necessitated amputation of his right leg.
 
 
 3
 * CSX asserts that the district court erred in failing to direct a verdict in its favor, and in failing to grant its motion for judgment notwithstanding the verdict [JNOV].
 
 A.
 
 4
 CSX alleges that evidence showed at trial that CSX was not negligent. However, Sadler, the forklift operator, suspected the problem from the beginning of the loading but did nothing about it and said nothing to the plaintiff. [TR 74]. In addition, CSX's groundman, David Hartman, stated that he could see something was wrong when the 13th wheel was loaded, and that the last or 14th wheel should not have been set in position. [TR 48, 50].
 
 
 5
 Based on this testimony by the defendant's personnel, it cannot be said that the district court erred by failing to direct a verdict in favor of CSX, or failing to grant a motion for JNOV. The evidence clearly presented a question for the jury whether the defendant's employee was negligent in pulling the forklift away from the trailer while Thomas was inspecting the loaded wheel assemblies.
 
 B.
 
 6
 CSX alleges that evidence showed Thomas was guilty of contributory negligence, and assumed the risk of his own injury.
 
 
 7
 A trial court may be in error when it fails to direct a verdict for a defendant where the danger is clearly visible to the plaintiff. See Newport v. Cincinnati, New Orleans, and Texas Pacific Ry., 509 F.2d 1246 (6th Cir.1975). However, assumption of the risk applies when the plaintiff voluntarily confronts a known and appreciated risk. O'Brien v. Smith Bros. Engine Rebuilders, Inc., 494 S.W.2d 787 (Tenn.App.1973). In cases where the danger was not known and appreciated, the "Tennessee courts have consistently held that whether contributory negligence if any, was proximate or remote is a proper question for the jury." Frankenberg v. Southern Ry. Co., 424 F.2d 507, 508 (6th Cir.1970). The rule of remote negligence justifies mitigation of damages and applies where the alleged remote negligence of the plaintiff does not directly cause or contribute to the accident. Tallman v. Johnson, --- S.W.2d ----, WL 253318 (Tenn.App.1991). In summary, the appellant argues that the trial court correctly found that Thomas was guilty of contributory negligence, but improperly designated his negligence to be remote.
 
 
 8
 There are two instances where the plaintiff might have been deemed contributorily negligent on the facts of this case, and both of those instances clearly presented questions of fact for the jury. One situation is in not getting the wheels properly aligned at the beginning of the loading. The other situation is when the plaintiff walked to the back of the trailer on the passenger side counting the wheels, and was struck as the 14th wheel fell off the trailer bed. The plaintiff stated that he assumed the forklift was remaining in place, and that he was unable to see it from his position on the side of the trailer. [TR 103, 104]. The truth of this assertion was a question of fact. Therefore, a jury question existed regarding Thomas' actions, whether he knew the forklift operator had pulled away from the truck, and therefore proceeded with knowledge of the risk of injury from the falling assembly. The court committed no error in denying CSX's motions for a directed verdict or JNOV.
 
 II
 
 9
 Next, the appellant claims that the district court erred in overruling CSX's motion for a new trial after finding that the plaintiff was guilty of contributory negligence. The appellant argues that the trial court found as a matter of law that the plaintiff was guilty of contributory negligence, although the court mistakenly found that his negligence might be remote rather than proximate.
 
 
 10
 Ruling on a motion for a new trial is within the judge's sound discretion, and the ruling will not be reversed except on a showing that the discretion was clearly abused. See Morton Butler Co. v. United States, 91 F.2d 884 (6th Cir.1937). The trial judge stated that Thomas' actions may be remote, but that he was guilty of some contributory negligence. [Transcript of Proceedings on Motion for Post Judgment Relief pp. 14-15]. There is no evidence of abuse of discretion in the present controversy, and the trial court's ruling should not be disturbed.
 
 III
 
 11
 The final ground on which the appellant relies is that the amount of the verdict was so excessive as to require the granting of a new trial. The trial judge concluded that the verdict of the jury was greater than the amount which was the maximum that the jury reasonably could find to be compensatory for Thomas' loss, particularly as reduced for remote negligence. CSX argues that the remittitur of 50% indicates that the verdict was excessive and required the granting of a new trial. However, an excessive verdict, even if based on passion, prejudice, or caprice, may be cured by remittitur. Pitts v. Exxon Corp., 596 S.W.2d 830 (Tenn.1980); see also Jenkins v. Commodore Corp., 584 S.W.2d 773 (Tenn.1979). Since remittitur provides a means of curing an excessive verdict, there is no reason for a new trial.
 
 IV
 
 12
 On cross-appeal, the appellees offer two situations in which the trial court allegedly committed error.
 
 A.
 
 13
 First, they allege that the trial court erred in holding as a matter of law that the plaintiff, Kevin Thomas, was guilty of remote contributory negligence. The court found that Kevin Thomas was remotely negligent because he directed that the 14th wheel assembly be placed on the trailer knowing that the previous wheels were not positioned correctly. Therefore, it cannot be said that the court acted without evidentiary basis in finding Thomas remotely negligent in relation to the injuries he sustained.
 
 B.
 
 14
 Finally, the Thomases argue that the trial court erred in granting a remittitur in this case. The Thomases accepted the remittitur under protest and rely on Manning v. Altec, 488 F.2d 127 (6th Cir.1973), in requesting that this court reinstate the jury verdict. A remittitur will be reversed if it constitutes an abuse of discretion by the trial judge. See id. at 133. Such an abuse will be found if the jury's verdict was clearly within the maximum limit of reasonable range of compensation for the loss. See id. at 133; See also Brewer v. Uniroyal, Inc., 498 F.2d 973, 977-78 (6th Cir.1974).
 
 
 15
 The Thomases cannot establish that the court's remittitur constitutes a clear abuse of discretion. The court's remittitur was the result of an evidentiary conclusion that Kevin Thomas was remotely negligent, and partially responsible for the injuries he sustained. Therefore, the court committed no abuse of discretion in rendering a remittitur.
 
 V
 
 16
 For the foregoing reasons, we AFFIRM the district court in all respects.
 
 
 17
 RYAN, Circuit Judge, concurring separately.
 
 
 18
 While I concur with the majority's disposition of the appeal and cross-appeal and in the reasoning supporting the disposition of the appeal, I would affirm on the remittitur issue in the cross-appeal for a different reason.
 
 
 19
 The question is not whether the district court abused its discretion in granting the remittitur; it is whether the issue is appealable. In my judgment, it is not. In Donovan v. Penn Shipping Co., 429 U.S. 648, 650 (1977), the Court held that "a plaintiff in federal court, whether prosecuting a state or federal cause of action, may not appeal from a remittitur order that he has accepted." Plaintiff accepted the district court's remittitur order in this case and thus may not appeal it.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation