JOE FRANK JAMISON

*v.*

STATE OF TENNESSEE.

354 S. W. 2d 252.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

JOHN T. HOLLOWAY, Murfreesboro, DAVE A. ALEXANDER, Franklin, for plaintiff in error.

WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Jamison was indicted for burglary in the third degree, and after proof was introduced was found guilty by the jury and sentenced to serve not more than six years in the State penitentiary, from which conviction this appeal comes to us.

On the morning of November 15, 1960, it was discovered that the Kitrell School of Rutherford County, Tennessee, had been burglarized during the night. The burglar or burglars had gained entry through a window in the principal's office. After entering the building several other rooms were forcibly entered and three small radios, four record players and various photographic equipment were stolen, all to an estimated value in excess of $400.00.

In the principal's office was a ditto machine which always stayed by the door and had been moved from this position to one next to the window through which entry had been afforded. A member of the Tennessee

Bureau of Identification was summoned to the scene and conducted an investigation. In this investigation he found certain fingerprints upon the bottom of the ditto machine. These prints were lifted (the agent of the T.B.I. explained how such was done) and subsequently some were positively identified as those of the plaintiff in error.

At the trial proof was offered to show that the plaintiff in error had never been in the office prior to this night. It is true that he says he had gone to school at this school and had been in and around the building at all times, but upon cross-examination he denied ever having had his hands on this ditto machine. The principal also testifies very positively that the plaintiff in error had never been in this office. It was also shown in the proof that the plaintiff in error had no authority to use this ditto machine, nor was the ditto machine in a place where it could be handled by the public in general. Upon these facts the jury rendered a verdict as set out heretofore.

The appeal here and assignments thereon are based primarily on two propositions of law to the effect that the evidence adduced herein is insufficient to support the conviction. It is argued very forcibly that since the plaintiff in error took the stand on his own behalf, and denied any participation in this crime and since the only evidence upon which he was convicted was the uncorroborated circumstantial evidence of his fingerprints being identified underneath the ditto machine located in the principal's office at this school which was burglarized, and, too, since this evidence, that is of the fingerprints, stands alone, it is not sufficient to support a conviction since the office of the principal was accessible to others

and fingerprints other than those of the plaintiff in error have been found there and not explained.

A very forcible argument is made by the plaintiff in error through counsel that his fingerprints which were found upon the ditto machine and this being the sole evidence to connect him with the crime that this is not sufficient upon which a conviction can be predicated. As far as able counsel on both sides are concerned and as far as the Court is concerned, we can find no reported case on the quantum or the weight to be given such evidence in a case of the kind in this State. Of course, this evidence standing alone is purely circumstantial. This Court in *Smith v. State,* 205 Tenn. 502, 327 S.W.2d 308, at page 317 of 327 S.W.(2d), 522 of 205 Tenn., quoted from Wharton's Criminal Evidence on the amount or the weight that circumstantial evidence should be given in a criminal case. That quotation is:

"'Circumstantial evidence may by itself be sufficient proof of the commission of a crime and sufficient proof on which to base a conviction.' * * *

"'In the effort to guard against improper verdicts, it is commonly stated that in determining the sufficiency of circumstantial evidence, (1) all the essential facts must be consistent with the hypothesis of guilt, as that is to be compared with all the facts proved; (2) the facts must exclude every other reasonable theory or hypothesis except that of guilt; and (3) the facts must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that the accused is the one who committed the offense.' "

■ We thus under this well established rule come to examine the factual situation as presented in this case. First we shall apply the factual situation in the present case to the necessary rules to see whether or not the facts here meet the test of the sufficiency of the evidence in regard to fingerprints as other rules governing the conviction of one when based upon circumstantial evidence. The general rule ordinarily is that the evidence must be such as to remove all reasonable hypothesis other than guilt. This being the applicable rule of law it becomes necessary for the Court in each case to determine upon the facts and circumstances of that case whether or not it is brought within the rule.

In the very able briefs of both the plaintiff in error and the State the annotation covering all questions we know anything about in reference to fingerprints, 28 A.L.R.2d beginning at page 1115 and extending through page 1158, is cited. This annotation covers Evidence—Finger, Palm, or Footprint. Counsel for plaintiff in error cite several Texas cases and others from this annotation which illustrate cases where the evidence was insufficient to convict. There are also cited in this same annotation many cases illustrative of where the factual situation showed a sufficiency of the evidence to convict. One such case is *Grice v. State,* 142 Tex.Cr.R. 4, 151 S.W.2d 211, wherein a very full and thorough discussion of the weight to be given fingerprint evidence is set forth. In this opinion the court takes up cases from many jurisdictions wherein the evidence was held sufficient and wherein it was held not sufficient and very clearly sets forth the distinguishing features of the cases. In this opinion

the cases relied upon by the plaintiff in error from Texas are clearly distinguished. The court says:

"The question we have is whether or not the identity of fingerprints may be used as sufficient identification of the individual or only a circumstance taken with others to identify him."

In this opinion the case of *Stacy v. State*, 49 Okl.Cr. 154, 292 P. 885 is quoted from, as follows:

"The fingerprints of Stacy were found on the door of the vault. There was no other testimony tending to connect Stacy with the commission of the crime. On appeal he contended that the evidence was insufficient to sustain a conviction. In affirming the judgment of conviction the court said, 292 P. at page 887: 'We have no doubt but that the finding of the fingerprints of the defendant on the door of the vault, with the further proof that defendant did not have access to and had not been at the place burglarized so that the print could be accounted for upon any hypothesis of his innocence, is a circumstance irresistibly pointing to his guilt. In conformity to decisions of the courts in many states, we take judicial knowledge that there are no two sets of fingerprints exactly alike."

This court then concluded in this Texas case wherein the proof was fingerprints on a pane of glass thus:

"The presence of appellant's fingerprints on the portion of the glass covered by the molding is inconsistent with his innocence. It could not have been placed there while the pane was in the door and the molding in place. The evidence was sufficient to

authorize the jury's finding. This court has no right to disturb their verdict.''

We cite and quote the above because the statements there made are peculiarly applicable to the factual situation in the present case.

In the annotation above referred to at page 1149, the annotator says:

''The weight to be accorded the type of evidence herein discussed is a question for the jury to decide in light of all the surrounding facts and circumstances of the particular case.''

Then the annotator cites decisions from many States in the Union which support that statement.

██ ██ Suffice it to say that under these holdings and under sound reasoning in view of the weight to be given such evidence and the rule surrounding the weight to be given it, as set out in the outset hereof from Wharton's Criminal Evidence, we must review briefly the facts of the present case to see whether or not this evidence is sufficient to support the conviction herein without further corroborative evidence. In doing so, it must be remembered that our function in deciding the sufficiency of the proof in this kind of case is to know and say that inferences inconsistent with guilt are questions to be determined by the jury. We are not to say what we would do if we were the triers of the facts, but we must determine whether or not the evidence is sufficient to sustain the verdict, and, if we conclude that it is, then it is our duty to affirm the verdict. We can only reverse on questions of this kind if we conclude that the evidence preponderates in favor of innocence, but if we conclude that

reasonable minds as the triers of facts agree on the reasonableness of the hypothesis that nothing else except guilt could be drawn from this evidence, then it is our duty to affirm.

In this case there is no question but the *corpus delicti* of the crime is made out. The school was burglarized and various articles were taken therefrom. The plaintiff in error's fingerprints were found on the bottom of a ditto machine in the principal's office. This machine, according to the principal of the school, was moved during the night of the burglary from its usual place by the door to a position next to the window where the burglar entered. The principal further stated that the plaintiff in error did not have authority to have access to his office or the ditto machine, nor as far as he knew in the two years that he had been there had plaintiff in error ever been in his office. This principal also said that this machine, which weighed something like that of a typewriter, had never been moved as far as he knew from the spot where it was in the two years that he had been there; that there was no necessity to move it and the very use of it by the school required that it be kept in this place. The plaintiff in error on cross-examination denied that he had ever touched this machine.

The proof by the expert on fingerprints herein, a man who had had some ten years experience with the Federal Bureau of Investigation and some three or four years with the Tennessee Bureau of Investigation, was that there were some fifty-two million fingerprints on file in the Federal Bureau of Investigation and that of all this number there were no two alike. It is commented too in one of the cases that an investigation has been made

of identical twins and that identical twins did not have fingerprints which are alike. Thus it is, that all the fingerprints that have ever been taken as far as reported cases are concerned run into an infinite number and no two have ever been found alike. The courts generally have reached the conclusion that evidence of this kind is infallible because of its conclusiveness.

From what has been said above it is obvious that we have reached the conclusion that this evidence of the fingerprints of this man on this machine is conclusive and sufficient evidence to establish his guilt as the one who entered and burglarized this building. There is no evidence to show that he was in or around or near or had access to the machine where he could have had his hands on it, and this being true if the fingerprints were true and there is no debate about the fact that these are his fingerprints because he freely allowed them to take his fingerprints after he was arrested, and his fingerprints which were made after he was arrested and those of his that were on file in the Federal Bureau of Investigation were all the same and these were exhibited in a blown-up manner, that is the fingerprints were enlarged so that you could very easily see the different marks, and were exhibited to the jury. We thus must conclude that this is sufficient evidence and there is no doubt under this record in our mind but that the man was guilty and the judgment must be affirmed.