WILLIE ROY BATCHELOR

*v.*

STATE OF TENNESSEE.

378 S. W. 2d 751

(*Jackson,* April Term, 1964.)

Opinion filed May 8, 1964.

John W. Norris, Brownsville, for plaintiff in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for defendant in error.

Mr. Justice Felts delivered the opinion of the Court.

Plaintiff in error, Willie Roy Batchelor, hereinafter called the defendant, was indicted and tried along with

two other men for receiving, possessing, and transporting more than one gallon of liquor. A jury found the two other men not guilty and acquitted them; and they are not involved in this appeal. Defendant was found guilty and sentenced to serve one year and one day in the penitentiary (T.C.A. sec. 39-2509), and judgment was entered accordingly.

The defendant appealed in error to this Court challenging the admissibility of certain evidence and seeking a reversal and a new trial upon a number of other grounds.

█ Since it is not the province of an appellate court to make an argument upon the facts in a case of this character or go into detail on the question of credibility of witnesses or slight discrepancies in their testimony (*Barnett v. Thirkield,* 201 Tenn. 528, 538, 300 S.W.2d 905 (1956), we state only our conclusions and such facts as are necessary to the disposition of the case.

Sometime during the early evening of June 13, 1963, George Sullivan, a deputy sheriff of Haywood County, obtained information from an undisclosed source that a certain automobile, bearing a particular license number, "had whiskey in it," but he did not obtain a warrant for an arrest. Approximately forty-five minutes later a car answering this description was spotted by Sullivan in the City of Brownsville, and he proceeded to follow it.

As soon as the occupants of the vehicle noticed their car was being followed, the driver, the defendant in this case, speeded up and a chase ensued in which defendant's vehicle was driven recklessly through the city. Sullivan attempted to pull them over several times by sounding his siren and flashing his red light, but they continued their flight.

Defendant's car was finally stopped by a road block set up by city policemen who had been alerted by Sullivan. After the car was stopped, Sullivan asked the defendant and his two companions to get out of the car. In plain view in the front floorboard he could see a gallon jug of white whiskey. In the back seat, partially concealed in a carton, Sullivan saw another 1-gallon jug of whiskey.

The defendant testified in his own behalf and admitted that the two gallons of white whiskey were his and that he was illegally transporting them. He also absolved his companions from any guilt, saying that they were merely hitch-hikers and knew nothing about the whiskey until he picked them up.

It is the defendant's contention that the evidence supporting the conviction was obtained as a result of an unlawful search and seizure. Defendant contends that his arrest was illegal and that the subsequent search of his automobile without a search warrant was likewise unlawful.

In this State an officer of the law may make an arrest without a warrant when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it (T.C.A. sec. 40-803(3)). He may also arrest without the benefit of a warrant if a breach of the peace has been committed or is about to be committed in his presence (T.C.A. sec. 40-803(1)).

Moreover, under our statutes, the transportation of more than one gallon of whiskey constitutes a felony (T.C.A. sec. 39-2509). So, if the information Officer Sulli-

van received had indicated the defendant was hauling more than 1 gallon of whiskey, or had it been of such a nature from which that fact might be inferred, as in *Thompson v. State,* 185 Tenn. 73, 203 S.W.2d 361 (1947), there would have been no question as to the competency of the evidence obtained from the vehicle. *Jones v. State,* 161 Tenn. 370, 33 S.W.2d 59 (1930).

■ But here, the officer was not informed as to the amount of liquor that defendant was hauling. Sullivan's only information was that "this particular car had whiskey in it." Under the authority of *Epps v. State,* 185 Tenn. 226, 228, 205 S.W.2d 4 (1947), we do not think the arrest was justified upon the charge of committing a felony.

■ Nevertheless, this assignment of error is without merit and must be overruled for a number of reasons. First, we do not think any illegal search took place. The evidence taken in a light most favorable to the State shows that the whiskey was plainly visible when Officer Sullivan asked the occupants to get out of their car. And in strikingly similar circumstances, in *McBride v. State,* 200 Tenn. 100, 103, 290 S.W.2d 648 (1956), this Court held such evidence admissible.

■ Secondly, we do not think Officer Sullivan illegally arrested the defendant. In speeding recklessly through the city limits of Brownsville, he was guilty of reckless driving so that, being an offense committed in the presence of the pursuing officer, it justified the arrest, and the observation and seizure of the whiskey which was plainly visible in the car. *McBride v. State,* supra.

■ Finally, even if the search had been illegal, the defendant voluntarily took the witness stand and ad-

mitted that he had been illegally transporting two gallons of white whiskey. In *Burks v. State,* 194 Tenn. 675, 678, 254 S.W.2d 970 (1952), we said that this testimony of defendant eliminates all questions relative to the validity of the search warrant. There, this Court said:

"We consider first, the attack made upon the search warrants in the two cases. In the Burks case, since the defendant took the stand and admitted his ownership of the seized property, he waived objection to the search warrant. *Hood v. State,* 148 Tenn. 265, 255 S.W. 51; *Thompson v. Carson,* 186 Tenn. 170, 208 S.W. 2d 1019."

We must, therefore, overrule these assignments of error.

The defendant next contends that the verdict of the jury is defective, null, and void because it is inconsistent with the instructions of the trial judge. He also contends that the charge is uncertain and unintelligible and that the trial judge committed error in failing to charge on the lesser included misdemeanors.

In support of this contention, the defendant submits the affidavit of one of the jurors, French W. Richards, which was filed in this cause. In the affidavit Mr. Richards swears that the jury "did not know or understand from the charge that they could have given him a lesser sentence for possessing or receiving intoxicating liquor"; that "they did not understand from the charge of the court that there were three counts in the indictment"; and, finally, "that they could find the defendant guilty under any one of the counts."

We think this contention overlooks the rule in this State that a jury will not be allowed to impeach its own

verdict, and that a new trial will not be granted upon the affidavits of jurors that they misunderstood the charge of the judge (if the charge was correct and stated in clear and perspicuous language). *Norris v. State,* 22 Tenn. 333 (1842).

Here, we think the trial judge's instructions were clear enough that a reasonably prudent man could understand them. He read and explained to them the law as to each of the offenses for which the defendant was charged and indicted, and told them that they could only find him guilty of one of the offenses. Moreover, no additional instructions were requested by the defendant, and in the absence of affirmative error, this Court cannot now say that it was reversible error for the trial court to have failed to be more specific. T.C.A. sec. 40-2517; *State v. Becton,* 66 Tenn. 138 (1874); *Lunn v. Ealy,* 176 Tenn. 374, 141 S.W.2d 893 (1939).

From their verdict it is very evident that the jury found the defendant guilty of the offense of transporting more than one gallon of liquor. The evidence is more than sufficient to sustain this verdict and we cannot see that it is inconsistent with the instructions by the court. Therefore, these assignments of error are overruled.

Finally, we do not think that defendant was entitled to an instruction on the lesser included offenses. There is absolutely no evidence of the lesser offense of transporting less than one gallon of whiskey and, under such proof, we have held that such charge need not be given because the charge would be a mere abstraction upon "hypothetical questions not suggested by proof." *Strader v. State,* 210 Tenn. 669, 679, 362 S.W.2d 224, 228

(1962); *Baker v. State,* 203 Tenn. 574, 577, 315 S.W.2d 5 (1958).

This disposes of all the material questions raised by the assignments of error. All of the assignments are over-ruled and the judgment of the Circuit Court of Haywood County is affirmed.