SAMUEL WILLIAM BOWLING

*v.*

STATE OF TENNESSEE

408 S.W.2d 660.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

JACK E. VAUGHN, Johnson City, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error; and LODGE EVANS, District Attorney General, Elizabethton, prosecuted case for State in trial Court.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Bowling was indicted and convicted by a jury of possessing intoxicating liquors. He was sentenced to pay a fine of $100.00 and to be confined in the workhouse for a period of thirty days. From this conviction he has seasonably appealed and filed errors.

The assignments of error are to the effect that there is no evidence to sustain the conviction, and the evidence preponderates against the verdict and in favor of the innocence of the plaintiff in error; and that the only evidence secured should not have been permitted because the officers who searched the car of the plaintiff in error did not have a sufficient search warrant for this purpose.

The only question really is that the evidence should have been excluded because the search warrant was insufficient. The testimony of the two arresting officers is to the effect that they searched Bowling's car and found a fifth, three pints, 3 one-half pints, and a half of a one-half pint therein. There was no evidence to the contrary. Thus, under this evidence, if it was admissible, there can be no question regarding the weight of the evidence.

The search warrant called for the search for liquor in an automobile, "Being 1962 Buick, Color Blue, Bearing Tennessee License plate number 6T-4416. And being driven in and around Johnson City, 9th Civil District of

Washington County, Tennessee." The officer who had sworn out this warrant, which is in effect a John Doe warrant, testified upon examination by counsel for the plaintiff in error that the car, instead of being a blue Buick with the license plate as above indicated, was a grey Buick with the same license plate number and that instead of being a 1962 Buick it was a 1964 Buick. This cross examination likewise indicates that at one time the plaintiff in error had owned a 1962 Buick when he purchased the license plate number 6T-4416, but this plate was later transferred to a 1964 grey Buick and the same license number was on the car which was searched. Affiant on the search warrant testified herein that he knew the difference between the two model cars but indicated that he put the 1962 blue Buick on the search warrant because "that is what our registration gave." Thus the question arises, is this a sufficient description for the search of the car in which the liquor in question was found?

■ We have no case in this State which determines the exact question here presented. It must be remembered that the question upon which these search warrants must be determined depends on the facts of each case, and, if the description is sufficient to enable the officer to locate the premises, or the property, without the aid of other information, it is sufficient. If the language in the warrant is sufficient to enable the officer executing the warrant to identify the property with reasonable certainty and will enable a prudent officer to locate the property from the face of the warrant, then it is sufficient.

■ In this case clearly it seems to us that the officer in trying to locate this car for which a search warrant had been issued would primarily depend upon the license number of the car rather than the color or year or any-

thing of the kind. Thus it is, it seems to us when the officer does locate the car with this license number on it and makes a search this search is not an unreasonable search, even though the car might be a different color and a different year model. It also seems to us that it is perfectly reasonable and natural that one would first look for the license number and then other things might appear, too, but, if the license number given in the warrant is on the car, then this would permit a search.

Of course, the search is objected to because, it is said, the search warrant was unlawfully obtained in violation of the constitutional rights of the plaintiff in error as set forth in Article I, sec. 7 of the Constitution of Tennessee. We find a very similar question has been decided by the Court of Appeals of Kentucky in *Prater v. Commonwealth,* 216 Ky. 451, 287 S.W. 951, where a John Doe warrant describes the automobile to be searched as a "Scripps-Booth" automobile bearing car license number 232504, and it was said by the Kentucky court that:

"* * * for purposes of identification of an automobile in transit no other number could be used than that appearing upon the license plate. It is difficult to imagine a more definite description of a thing or possession to be searched under this search warrant than that given."

Thus it is, we are of the opinion that the description contained in this search warrant even though giving a different color of the car and a different year number was sufficient to describe the automobile, and the search and seizure was therefore not invalid for this reason.

After having thoroughly considered the matter we are satisfied that the judgment below must be affirmed.