**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie HOLLOWAY, Defendant-Appellant.**

**No. 18070.**

United States Court of Appeals
Sixth Circuit.

March 8, 1968.

Victor S. Bryant, Jr. and James B. Maxwell, Durham, N. C., for appellant.

James L. Newsom, Durham, N. C. (A. H. Graham, Jr., and Newsom, Graham, Strayhorn & Hedrick, Durham, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

H. H. McKnight, Memphis, Tenn., for appellant.

William A. McTighe, Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Odell Horton, Jr., Asst. U. S. Atty., Memphis, Tenn., on the brief.

Before EDWARDS, CELEBREZZE, and COMBS, Circuit Judges.

PER CURIAM.

This appeal is from a judgment of conviction for possession of non-tax paid whiskey in violation of 26 U.S.C. 5604 (a) (1). Appellant received a sentence of fifty-nine days imprisonment and eighteen months probated sentence. In addition, appellant's automobile in which the whiskey was found was confiscated under Chapter 51 of the Internal Revenue Code.

Appellant's car was stopped and searched by a state officer who arrested appellant after some twenty-five gallons of non-tax paid whiskey was found in the car. The state officer had been informed by a federal officer, by telephone, that an automobile similar to appellant's with a given license number and with only one occupant, would appear on a designated road at a designated time and would be hauling non-tax paid whiskey.

The federal officer arrived on the scene shortly after the apprehension and placed appellant under federal arrest.

Appellant contends that his automobile was illegally stopped and searched because state law determines the validity of an arrest without a warrant, citing United States v. DiRe, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948), and that under Tennessee law possession of whiskey constitutes a felony only when the amount in question is more than one gallon, citing Batchelor v. State of Tennessee, 213 Tenn. 649, 378 S.W.2d 751 (1964). He argues that, since the state officer had no information that the car contained more than one gallon of whiskey, he did not have reasonable grounds to believe that a felony was being committed in his presence, and therefore did not have probable cause for a search and arrest without a warrant.

Appellant overlooks the fact that the suspected violation for which he was stopped and his car searched was a federal statute under which possession of any quantity of non-tax paid whiskey is a felony. The state officer had the legal right, under the circumstances, to search and arrest appellant for an offense against the United States. 18 U.S.C. § 3041; Dodge v. United States, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926); United States v. Baxter, 361 F.2d 116 (6th Cir. 1966).

The *Batchelor* case relied on by appellant involved a prosecution under Tennessee law and is not applicable to these circumstances where the arrest was made for violation of a federal statute.

The judgment is affirmed.