## GEORGE LANG, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 457 S.W.2d 882.

Court of Criminal Appeals of Tennessee. March 23, 1970.

Certiorari Denied by Supreme Court Aug. 3, 1970.

Franklin Murchison, Jackson, for plaintiff in error.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, David P. Murray, Dist. Atty. Gen., Whit LaFon, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

DWYER, Judge.

George Lang was convicted of contributing to the delinquency of a minor by a jury in the Circuit Court of Madison County. The punishment imposed was a fine of $1,000 and confinement for 11 months and 29 days in the Madison County Jail. Judgment was duly pronounced and entered by the court on the verdict returned. The defendant has seasonably perfected his appeal. He is and was represented by privately retained counsel.

He has assigned errors committed in the trial court which he contends invalidate the judgment entered.

The facts revealed in the record reflect that two little girls, ages nine and ten, were in the defendant's home. They had been playing with the defendant's daughter in the neighborhood. While in the office part of the home, the defendant showed the little girls comic-type

booklets depicting male and female in various and sundry forms of intercourse and sexual activity. In due course, knowledge of this act was received by the police of the City of Jackson. They obtained a search warrant, entered the office part of the residence and recovered out of a desk drawer several of these comic-type booklets. The defendant testified and denied the accusations, explaining the booklets had been in the desk drawer for years.

It further appears from the record defendant had been convicted before in Jackson of contributing to the delinquency of a minor. At the time of trial there were other charges pending against the defendant.

The defendant's first assignment of error complains of the trial court not granting his motion for a change of venue. In support of his motion he called several news media representatives who, in substance, related there had been news articles about defendant's arrests in the newspapers, television and radio. None of these witnesses called testified or were asked if they thought defendant could not get a fair trial in Madison County. Some were of the opinion that defendant's case had received "run-of-the-mill" coverage. There were and are exhibits of newspaper articles to be found in the record. Most appeared to be stories appearing on the inside pages of the newspapers as opposed to "front-page" coverage, in the vernacular of the news media. In Swain v. State, 219 Tenn. 145, 407 S.W.2d 452, the following language may be found:

"* * * that the question of change of venue is one largely within the discretion of the trial judge and there must be a clear abuse of this discretion for this

Court to reverse his action. See King v. State, (1892) 91 Tenn. 617, 20 S.W. 169."

We find no abuse of that discretion in the court denying the motion for a change of venue. The assignment of error is therefore overruled.

The next contention of the defendant complains (1) of the court not allowing the defendant to question the jurors separately and out of the presence of one another, (2) of the court not allowing defendant to challenge, for cause, jurors who had knowledge of a prior conviction imposed upon defendant and (3) of the court not allowing defendant to challenge, for cause, jurors who knew there was a charge of possessing obscene material pending against the defendant.

In the brief filed by the attorney general he calls the court's attention to the fact defendant did not raise the above-outlined assignments of error in his motion for a new trial. The defendant, by failing to give the trial court an opportunity to pass on these questions, thereby waives them. Rule 14(5) of the Rules of the Supreme Court, duly adopted by order of this court July 6, 1967. Nevertheless, in examining the record we find that the prior conviction complained of was brought out by the defense in the voir dire examination. The court inquired of the jurors and instructed them they were not to base their judgment upon anything other than what was proven in the trial. The court satisfied itself with the fact, from its questions, that the jurors would give the defendant a fair and impartial hearing. The pending charge was also brought out during the voir dire examination conducted by the defense. We are satisfied that

the jurors met the test as required by T.C.A., Section 40-2507. The petit jurors all related they had knowledge of the defendant obtained by talk, radio and television coverage. They also had read some of the articles that had appeared in the different newspapers. All stated they could and would give defendant a fair and impartial trial. We further feel the court did not abuse its discretion in not allowing the jurors to be interrogated separately and individually. The assignments of error are accordingly overruled.

■ Defendant next contends that the court erred in allowing into evidence the sexual-type comic booklets, in that the provisions of T.C.A., Section 39-3005 were not compiled with in that (1) no adversary hearing was held before the search (2) there was no hearing on whether the questioned material was obscene and (3) the subject matter basis for the search warrant was not described with reasonable certainty. The defendant further cites in support of his contention A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrants of Property, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); Metzger v. Pearcy, 7 Cir., 393 F.2d 202; and Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542. We first, in considering these assignments, hold that the provisions of T.C.A., Section 39-3003, et seq., do not apply to the facts and circumstances proven in this record. The determinative question resolved by the trial court is not whether the sexual-type comic booklets were to be suppressed and removed from circulation; but, the question is one of whether the showing of these booklets to the little girls violated T.C.A., Section 37-

270, as opposed to the naked issue of whether they are or were obscene. This was not an action by a State agency to remove "obscene" literature from circulation. We hold under this record the showing of the booklets, as found to be so by the verdict of the jury, to be an act contributing to the delinquency of a child, as proscribed by T.C.A., Section 37-270. We, therefore, conclude that Stanley v. Georgia, *supra,* is not in point in this record. We are not concerned with defendant's lawful right, under the holdings of that case, to possess this material. We note in reading Stanley v. Georgia, *supra,* the following language may be found at page 1249 of 89 S.Ct.:

"* * * For example, there is always the danger that obscene material might fall into the hands of children, * * *"

In a reading of Marcus v. Search Warrants of Property, *supra,* and A Quantity of Copies of Books v. Kansas, *supra,* the relied upon authorities by defendant, it is our judgment they are not applicable in this record under these facts, it appearing that procedures relied upon by the Kansas authorities and the Missouri authorities stifled the constitutional guarantees of freedom of speech by seizing the publications without a hearing to determine the "obscenity" of the publications seized. As afore related, we are not concerned in this record with procedural matters contained in T.C.A., Section 39-3003, et seq. The issue is not whether the booklets involved are obscene, *per se,* but whether the showing of them to the youngsters is an act contributing to the delinquency of a minor. The officer, under this search warrant, was directed with reasonable certainty to the material found in the desk drawer. It, therefore, meets the requirements

under the facts and circumstances of this record of the test enunciated in Bowling v. State, 219 Tenn. 224, 225, 408 S.W.2d 660.

■  We also would like to note this was not a situation depending upon the officer's judgment of whether the booklets are or were obscene. It is also noted that he was directed by his information with certainty to where these booklets were located in the desk in the office part of defendant's home and what type booklets they were. We are aware that after finding the booklets the officer confiscated other material which was not introduced into evidence. The description in the search warrant contained the verbiage "lewd, indecent and obscene." The officers were searching and found evidence (booklets) which was the basis for the complaint. Further, in viewing these assignments the defendant took the stand and admitted ownership of the booklets. We, therefore, hold he waived his right to complain of an unlawful search. Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503; Lester v. State, 216 Tenn. 615, 393 S.W.2d 288; Batchelor v. State, 213 Tenn. 649, 378 S.W.2d 751; Thompson v. Carson, 186 Tenn. 170, 208 S.W.2d 1019; Hood v. State, 148 Tenn. 265, 255 S.W.2d 51. The assignments of error are accordingly overruled.

■ ■  Defendant next complains of the court's error in allowing on cross-examination the attorney general to ask about nude pictures on the walls in defendant's home. In view of the charge and one of the little girls testifying she had been all through the home of the defendant, we feel this was not an improper question under the circumstances of the record. We further view the cross-examination of the defendant about a prior conviction for

contributing to the delinquency of a minor not to be improper under the circumstances. It would be impeaching, to say the least, when defendant testified on direct-examination he would and never did anything improper to them or any other children. The following language may be found in 3 Wharton Evid. 296, Section 891 (12 ed. 1955):

> "The accused may be cross-examined for the purpose of impeachment by questions which tend to impeach his credibility, by inquiry as to prior contradictory statements, as to matters relating to his memory, motives, history, past conduct, and other matters affecting his credibility, or as to any specific fact tending to disgrace, degrade, or incriminate him, or to discredit him or impeach his moral character.

> "For this purpose a wide latitude is allowed in the cross-examination."

The assignment of error is overruled.

The defendant further contends the evidence does not support the verdict. The evidence, from our review of this record, amply supports the verdict as returned by the jury.

In considering and passing on this assignment of error, we are bound by the rule that a conviction in a criminal case will not be reversed on the facts unless it is shown by the defendant that the evidence preponderates against the verdict and in favor of his innocence. White v. State, 210 Tenn. 78, 356 S.W.2d 411. The defendant has not carried that burden as required by law. The assignment of error is overruled.

We find no error in the trial court overruling the defendant's motion for a new trial filed in this record. His action in doing so approves the verdict as returned by the jury.

All assignments having been evaluated and found to be devoid of merit, the judgment of the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.