ROBERT W. PATTERSON, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.
—475 S.W.2d 201.

October 26, 1971.

Certiorari Denied by Supreme Court January 3, 1972.

Edwin C. Harris, Eugene Pennington, Madisonville, for plaintiff in error.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Tom Taylor, District Attorney General, Athens, for defendant in error.

OLIVER, J. By his duly perfected appeal in the nature of a writ of error to this Court, the defendant challenges the validity of his Monroe County Criminal Court conviction of unlawful possession of legend drugs and the jury-assessed sentence of one year and one day in the State Penitentiary and a $1000 fine, which the court approved by entering judgment accordingly.

About 2:00 a.m. on March 27, 1970 a Sweetwater policeman found the defendant slumped over the steering wheel of his truck which was parked in front of an all-

night restaurant. When aroused and taken out of his truck, the defendant was unable to stand alone and plainly appeared to be drunk and was arrested. A capsule was in plain view on the floor of the truck. The defendant was searched for a weapon at the time of his arrest, and in a thorough search at the city jail a plastic container of capsules was found in one of his socks and a number of loose capsules in his other sock. Those capsules contained amphetamine and the barbiturate amobarbital, drugs dispensed only upon a prescription (T.C.A. sec. 52-1206).

As a witness in his own behalf, the defendant testified about being arrested and that he transferred the capsules from his pocket to his socks enroute to the jail because "I had been booked for having pills once and I was scared that they would book me again for having them on me again"; that "I got them through a drug store through a doctor's prescription"; that he had a prescription from Dr. Miller in Madisonville and one from a doctor at Morristown; that he had Dr. Miller's prescription filled at the Wilson Drug Store in Madisonville, and that he got these particular capsules on a prescription from a drug store in Morristown; that he could not remember the name of either the prescribing physician in Morristown or the drug store there where he got the prescription filled; that his prescriptions were retained by the store filling them; and that the bottle in which he had the capsules was a "chew gum bottle" which was not the original container.

The defendant called the proprietor of the Wilson Drug Store in Madisonville for the purpose of showing that he had obtained similar drugs there under a pre-

scription. Defense counsel conceded that the capsules which the defendant was carrying in his socks were not obtained under that prescription. Consequently, the trial judge correctly held that any testimony by druggist Wilson regarding that particular prescription would be inadmissible.

◼ We must reject the Assignments contending that the search of the defendant was illegal and that the fruits of the search—the capsules of drugs—was inadmissible. He testified that these capsules were his and gave a detailed explanation of his possession in an effort to establish his contention that he purchased the drugs under a doctor's prescription and that his possession thereof was not unlawful. By so testifying the defendant waived all objections to the search and seizure of the drugs and their admission in evidence. Lester v. State, 216 Tenn. 615, 393 S.W.2d 288; Batchelor v. State, 213 Tenn. 649, 378 S.W.2d 751; Burks v. State, 194 Tenn. 675, 254 S.W. 2d 970; 29 Am.Jur.2d., Evidence sec. 416.

In considering the defendant's Assignments challenging the sufficiency of the evidence to warrant and sustain the verdict of the jury, we are bound by the well-settled law in this State that a guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. Such a verdict removes the presumption of the innocence of the accused which stands as a witness for him until he is convicted, and raises a presumption of his guilt upon appeal, and he has the burden upon appeal of showing that the evidence preponderates against the verdict and in favor of his innocence. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186;

Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, Tenn.Crim.App., 425 S.W.2d 799; Brown v. State, Tenn.Crim.App., 441 S.W.2d 485; Palmer v. State, Tenn.Crim.App., 435 S.W.2d 128; Morelock v. State, 3 Tenn.Crim.App. 292, 460 S.W.2d 861.

■ ■ The crucial question in this case was and is whether the defendant's possession of the proscribed drugs was unlawful. Manifestly, this conviction rests entirely upon circumstantial evidence. However, considering the totality of the circumstances shown in this record, including the defendant's inability to name the Morristown prescribing physician and the Morristown drug store where he claimed he obtained these drugs by prescription, his unexplained transfer of the drugs from the alleged original container to a "chew gum bottle," his carrying some of the capsules loose upon his person, and his concealment of all the drugs in his socks after he was arrested, we are of opinion that the proof fully meets the test required by the law in circumstantial evidence cases.

The settled law in this State is that to warrant a criminal conviction upon circumstantial evidence alone, the evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with his innocence and must exclude every other reasonable theory or hypothesis except that of his guilt, and it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that he committed the crime charged. Pruitt v. State, 3 Tenn.Crim.App. 256, 460 S.W.2d 385 and cases therein cited.

The weight of circumstantial evidence is for the jury to determine. The inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury. Pruitt v. State, *supra;* Hardin v. State, 210 Tenn. 116, 121, 355 S.W.2d 105, 356 S.W.2d 595.

In a case resting upon circumstantial evidence alone, it becomes necessary for this Court to determine, upon the facts and circumstances shown in the proof, whether or not it is brought within the circumstantial evidence rule. Pruitt v. State, *supra;* Jamison v. State, 209 Tenn. 426, 354 S.W.2d 252. The proof in this record amply justified the verdict of the jury. The defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict and in favor of his innocence.

The judgment of the trial court is here modified by vacating that portion thereof which erroneously rendered the defendant infamous. TCA sec. 40-2712. As thus modified, the judgment of the trial court is affirmed.

Mitchell, J., concurs.

Galbreath, J., (dissenting).

I must respectfully dissent.

The defendant in this case explained where he lawfully obtained the drugs and why he hid them. He had both a legal right to purchase the drugs and a right to hide them. The burden was upon the State to prove that he

came by the drugs in an unlawful manner. This it did not do.

There can be no presumption of guilt in a criminal prosecution in this State. The inferences suggested by the furtive manner in which the defendant sought to conceal his possession of drugs could not, and did not, in my opinion overcome both the presumption of innocence and his clear, logical, credible, and most importantly, undisputed testimony of how he came into legal possession of the medication. Or, as the Supreme Court stated recently:

"As to presumptions, it is settled law that while they may be indulged in criminal cases, this cannot be done to deprive the defendant of the presumption of innocence as was done in this case.

"In Marie v. State, 204 Tenn. 197, 319 S.W.2d 86, presumptions are discussed, and it is said that a presumption is a substitute for evidence which, in the absence of direct evidence conflicting, requires as a matter of law that a certain fact conclusion be accepted or proved by the jury. In this case, Underhill's Criminal Evidence, 5th Ed., is quoted with approval as saying:

" 'So, though the decisions are not harmonious, the better and more reasonable view is that the law will not countenance any presumption, which by overcoming the presumption of innocence will cast the burden of proving his innocence upon the defendant.' Sec. 43, p. 66." Liming v. State, 220 Tenn. 371, 417 S.W.2d 769.

I would hold that the weak, circumstantial evidence in this case correctly summarized in the majority opinion did not approach in weight the direct testimony of the defendant and failed to overcome the presumption of innocence. Since the evidence appears to me to preponderate against the verdict of the jury, I would reverse the conviction and dismiss.