Michael William LEACH, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Jan. 6, 1977.

Certiorari Denied by Supreme Court
May 2, 1977.

Frank D. Dossett, LaFollette, Joseph J. Levitt, Jr., Rufus W. Beamer, Jr., Knoxville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, Jeffrey Hall, Asst. Dist. Atty. Gen., LaFollette, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, Michael William Leach, was convicted in the Campbell County Criminal Court of second degree murder, and received a penitentiary sentence set by the jury at a minimum of 10 years and a maximum of 20 years. In the trial court's judgment, the appellant was sentenced to 10 years in the penitentiary.

We find merit to the appellant's complaint about the trial court's charge on the parole, good time, and honor grade statutes, and we must reverse and remand this case for a new trial.

The State argues that the parole charge complaint was not properly raised at the trial level, and thus we should not consider it. In his motion for a new trial, the appellant stated his complaint in this manner:

"That the trial jury under the instruction of the Court had to dispose of the charge of Second Degree Murder prior to deliberating on lesser included offenses, and after requesting and receiving additional instructions from the Court on parole for a sentence of a minimum of three years on a lesser included offense, could not return to deliberations on the greater offense, thereby putting the defendant twice in jeopardy on the same charge."

■ In *Farris v. State*, 535 S.W.2d 608 (Tenn.1976), our Supreme Court held that the portion of T.C.A. § 40–2707 which mandated a charge on the parole statutes was unconstitutional. The Supreme Court, on a petition to re-hear in *Farris*, held that the fact the charge was given did not always mean that relief would be granted, saying: "In other words, 'every tub must stand on its own bottom.'" Thus, under *Farris*, we are obligated to look at each case and determine whether the facts of the case merited the verdict of the jury, both as to the offense and the punishment set, or whether the charge on the parole statutes brought about the verdict. In applying the *Farris* principles, we have held that in order for this complaint to receive attention on appeal, it must be initially raised in the trial court. Obviously, if we were to apply the principles of *Farris* to the present case, relief would be warranted. Further, if we were dealing here only with a *Farris* question, then perhaps the appellant's failure to attack the constitutionality of T.C.A. § 40–2707 in the trial court would give some merit to the State's argument that we should not now consider the complaint on appeal; however, there are other considerations involved, and we think the appellant's assignment in the lower court concerning the charge complaint is sufficient to merit our consideration.

■ The charge complained about was not included in the court's original instruction to the jury. After the jury had deliberated for 1 hour and 5 minutes, the jury returned to the courtroom, and the foreman of the jury inquired of the court: "We would like to know what time the defendant would have to serve if we agreed on, say, three years on the minimum sentence. How much time would be served?" Whereupon, the court proceeded to charge on the parole provisions for indeterminate sentences, but omitted the parole instructions for determinate sentences, even though one of the offenses charged (second degree murder) is punishable by a determinate sentence. In view of the mandates of T.C.A. § 40–2707, it was not improper for the trial judge to give this additional charge concerning the parole provisions. However, it was incumbent upon him, when he did give it, to give the full charge as it pertained to both indeterminate sentences and determinate sentences.

■ As a general rule, it is within the province of the court to recall a jury for supplemental instructions, but it is considered the better practice to admonish the jury not to place undue emphasis on the supplemental instructions and to consider them in conjunction with the entire charge. In some cases, failure to so admonish the jury can amount to reversible error. Whether it is reversible error is determined by examining the entire record to ascertain if such action might reasonably be expected to prejudice a defendant. *Burton v. State*, 217 Tenn. 62, 394 S.W.2d 873 (1965).

▇ Apart from the *Farris* question previously mentioned, in the present case the trial judge did not admonish the jury at the time he gave it the supplemental instructions as to how they should consider the instructions. It is apparent that the supplemental charge triggered the jury's verdict of second degree murder and the resulting punishment set. The trial court had charged the jury on the offense of second degree murder, voluntary manslaughter and involuntary manslaughter. The foreman's reference to a 3 year minimum sentence indicated that the jury was, at that time, considering the offense of voluntary manslaughter. After the court's supplemental instructions on the parole provisions for indeterminate sentences, it is apparent that the jury was convinced that it would have to move the offense to a higher grade of homicide to extract from the appellant the minimum time it desired him to serve. A jury is obligated to initially determine what, if any, offense a defendant is guilty of, and then set a sentence to fit the crime. Obviously, in the present case, the jury did just the opposite; it decided the minimum number of years which it wanted the appellant to serve and then used the court's parole instructions to settle on the offense of second degree murder so as to achieve the desired result.

Additionally, our conclusion that the parole charge brought about the verdict in this case is further shown by the fact that although second degree murder is punishable by a determinate sentence (T.C.A. § 39–2408), the jury fixed an indeterminate sentence for the appellant by reporting the punishment at a "minimum sentence at ten years and the maximum sentence of twenty years."

Further documentation of our conclusion is shown by the court's post-trial interview with juror James Green. Juror Green stated that the jury wanted to know if the "defendant" would "have to serve the minimum time that was given." The juror further stated: "But anyway, when the jury wanted to know that, and he came back and asked the question if they were given a sentence from three to ten years, would the minimum be three years, because many times they're paroled. They wanted to be sure that when they set the penalty that he wouldn't be paroled before the minimum was served."

The fact that the court altered the jury verdict by reducing the appellant's sentence to the minimum for second degree murder —10 years—cannot prevent a reversal, because from the developments shown in this record, absent the parole charge, the jury might well have agreed on a lesser offense than second degree murder. As we have previously indicated, the jury was apparently considering a lesser degree of homicide before the parole charge was given.

▇ Since this case must be reversed and remanded for a new trial, we will not consider the appellant's complaint on the evidence, other than to reiterate our holding in *Armes v. State,* 540 S.W.2d 279 (Tenn.Cr. App.1976), that the presumption of malice that arises from an unlawful killing by the use of a deadly weapon is still a valid presumption in Tennessee; that a court may properly predicate a charge thereon; and that it does not violate the standards of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). In our opinion, absent other invalidating errors, the stated presumption, unless rebutted, can serve to supply the necessary ingredient of malice incident to a finding of second degree murder.

▇ As to the appellant's final complaint of jury misconduct, we note that the trial judge held a hearing, interviewed one of the jurors, and heard other witnesses regarding this complaint. He found no misconduct on the part of the trial jurors, and we agree with his finding. Under our law, a juror is not permitted to impeach his verdict. *Batchelor v. State,* 213 Tenn. 649, 378 S.W.2d 751 (1964).

For the reasons stated at the outset of this opinion, we reverse and remand this case for a new trial.

O'BRIEN and BYERS, JJ., concur.