568

**Alice Irene DOTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–449–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 30, 1985.

Robert R. Scott, Law Offices of Thomas A. Adams III, Katy, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury found appellant guilty of the felony offense of possession of a controlled substance (methamphetamine) and after finding two enhancement paragraphs true, assessed punishment at 30 years' confinement. In her single ground of error appellant complains that the combination search/arrest warrant authorizing the arresting officers to search her car lacked sufficient specificity because the warrant described a 1970 Ford Elite while the automobile searched was a 1974 Ford Torino. We find the discrepancy minor under the circumstances and affirm the judgment.

At about 7:30 a.m. the morning of appellant's arrest Officer R.A. DiMambro, a Houston Police Department narcotics officer, had a telephone conversation with an informant who had given him reliable information on other occasions. As stated in the complaint/affidavit for the search warrant the informant told him that a female known as Lisa was selling methamphetamine from room 245 at the Howard Johnson Motor Lodge, 3939 North Freeway, in Houston. The affidavit stated in part: "In-

formant further stated that the white female LISA is driving a late 70 light tan over brown two door Ford Elite bearing paper tags P11178 and that this vehicle is used in the delivery of methamphetamine by the white female LISA." DiMambro went to the motel, saw a tan over brown Ford with a dealer license number P11178. He also checked with the hotel manager and confirmed that a woman fitting the informant's description had checked into room 245.

Another officer arrived at the motel and maintained surveillance of the automobile while DiMambro went to the station to brief a raid team and get a search and arrest warrant. The warrant issued incorporated the complaint/affidavit described above and authorized the search of Room 245 and "VEHICLE: 1970 Ford Elite, light tan over brown, 2 door, paper tags P11178."

Officers at the motel arrested appellant about three or four minutes before DiMambro arrived with the warrant in hand because she was driving the Ford through the motel parking lot in an apparent attempt to leave. Guns, methamphetamine, scales and drug paraphernalia were found in the car. The car searched was a tan over brown 1974 Ford Torino with a paper dealer's plate # P11178 secured to the rear window. One witness testified that a Torino and Elite are "very much the same vehicle except for options on it."

■ Minor discrepancies in a search warrant that otherwise sufficiently describes the general location of the premises and specifically describes the premises themselves will not vitiate a search warrant for insufficient description. "All that is required is that there be sufficient definiteness to enable an officer to locate the property and distinguish it from other places in the community." *Etchieson v. State,* 574 S.W.2d 753, 759 (Tex.Crim.App.1978) (en banc).

The parties have not cited nor have we found any Texas cases in which a warrant to search an automobile is attacked for the type of inaccuracies complained of here. The issue has been resolved in several other jurisdictions.

In *Willard v. Indiana,* 272 Ind. 589, 400 N.E.2d 151, 155 (1980), the search warrant contained an incorrect designation of the license number and model year of a motor home searched. It was designated as a 1975 model when in fact, it was a 1977 model. The license number was on a temporary plate located in the rear window and partially obscured by curtains. From outside the vehicle it appeared to be "FX 1395," but was actually "EX 13955." These discrepancies were held to be minor defects in the description when the warrant correctly designated the location, general description, size, shape, color and serial number of the vehicle.

In *Montana v. McKenzie,* 186 Mont. 481, 608 P.2d 428, 438, *cert. den.* 449 U.S. 1050, 101 S.Ct. 626, 66 L.Ed.2d 507 (1980), the warrant incorrectly stated the vintage of the pickup searched as 1950 instead of 1948, but the search was upheld because the rest of the description was accurate. In *Arizona v. Wren,* 108 Ariz. 356, 498 P.2d 444, 453 (1972), the affidavit described a "68 Chevrolet pick-up truck, white, Calif. N. 18810." The vehicle searched was a 1963 white Chevrolet pick-up (camper) with the same license number. In *Bowling v. State,* 219 Tenn. 224, 408 S.W.2d 660 (1966), a 1964 gray Buick was searched when the warrant described 1962 blue Buick with same license number. In each case the warrants were found adequate.

■ We hold that the warrant in this case did not lack specificity and the minor discrepancies in model and year did not invalidate the warrant.

■ Even if the warrant were inadequate the evidence need not have been excluded. Appellant does not challenge the arrest warrant or the authority of the officers to make the arrest. The methamphetamine was found in a brown case in the passenger compartment of the car. When an officer has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that

arrest, search the passenger compartment of the automobile and containers within the passenger compartment. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

Appellant's ground of error is overruled. The judgment is affirmed.