IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

**STATE OF TENNESSEE v. KEITH DOTSON**

**Appeal from the Criminal Court for Shelby County**
**No. 03-07367     Chris Craft, Judge**

_____

**No. W2004-01687-CCA-R3-CD  - August 1, 2005**

_____

The defendant, Keith Dotson, was convicted of aggravated burglary. See Tenn. Code Ann. § 39-14-403. The trial court ordered a Range III sentence of fifteen years in the Department of Correction. In this appeal of right, the defendant argues that the evidence was insufficient and that his sentence is excessive under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Wilson Jones, Shelby County Public Defender (of counsel); and Phyllis Aluko(on appeal), Trent Hall (at trial), and Sandra DiMaggio (at trial), Assistant Public Defenders, for the appellant, Keith Dotson.

Paul G. Summers, Attorney General & Reporter; Jennifer Bledsoe, Assistant Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 26, 2003, Memphis Police Officer Glenn Stovall had stopped at the Circle K convenience market located on the corner of Madison and Cleveland to check on the clerk when he was alerted to some suspicious activities at the gas pumps. Upon investigation, he observed the defendant using a credit card to pay for other customers' gas in exchange for cash. When questioned, the defendant claimed that the credit card, which bore the name of Annette Sain, belonged to his mother, but was unable to provide her name to the officer. Officer Stovall then called for assistance.

Memphis Police Officer Margaree Boyd, who responded to Officer Stovall's call, interviewed the defendant, who again claimed that the credit card belonged to his mother. When the officer determined that the card was stolen, however, the defendant changed his story, contending that he

had received the card from someone on the street in exchange for some drugs. After learning that the residence of the cardholder, Ms. Sain, had been burglarized, Officer Boyd and her partner investigated and found that the apartment, which was located less than a mile from the place of the defendant's arrest, had been ransacked. On the next day, the officers received a call from Ms. Sain, who had found some of her missing property in a vacant apartment across the hall.

At trial, Annette Sain testified that on the morning of the burglary, she left for work at approximately 9:00 a.m., locking her individual apartment door and the exterior door of the building as she did so. She recalled that when she returned home at approximately 8:30 p.m., she found that the exterior door was unlocked and that the door to her apartment, which was "completely ransacked," had been kicked open. According to Ms. Sain, she looked inside the vacant apartment across the hall on the following day and found several of the items that had been stolen, including some compact discs, a microwave, a portable stereo, and a piece of luggage. Her television and videocassette recorder were later recovered from a pawn shop. Jewelry and credit cards had also been taken during the burglary.

Memphis Police Officer Cham Payne, who processed the vacant apartment where Ms. Sain's property was found, testified that a latent partial fingerprint was obtained from one of the recovered plastic compact disc cases. Officer Nathan Gathright, a latent fingerprint examiner with the Department, examined the fingerprint lifted from the CD case. He testified that the partial print, which was from a right index finger, matched that of the defendant at seven points of identification.

I

Initially, the defendant contends that the evidence was insufficient. On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

A criminal offense may be established exclusively by circumstantial evidence. Duchac v. State, 505 S.W.2d 237, 241 (Tenn. 1973); Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, 456-58 (1958); State v. Hailey, 658 S.W.2d 547, 552 (Tenn. Crim. App. 1983). If entirely circumstantial, the facts and circumstances must "be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610, 612 (1971). In such an event, the circumstantial evidence must be both consistent with guilt and inconsistent with innocence. Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970). The weight of the circumstantial evidence is for the jury to determine. Williams v. State, 520 S.W.2d 371, 374 (Tenn. Crim. App. 1974) (citing Patterson v. State, 4 Tenn. Crim. App. 657, 475 S.W.2d 201 (1971)). The court may not substitute its inferences for those drawn by the trier of fact in circumstantial evidence cases. Liakas, 286 S.W.2d at 859; Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). The same standard of review is applicable whether the guilty verdict was based upon direct evidence or upon circumstantial evidence. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 208 Tenn. 75, 343 S.W.2d 895, 897 (1971).

Burglary is defined by our Code as follows:

(a) A person commits burglary who, without the effective consent of the property owner:
(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
(3) Enters a building and commits or attempts to commit a felony, theft or assault; or
(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). A burglary is aggravated when the property entered is a habitation. Tenn. Code Ann. § 39-14-403(a).

In our view, the evidence was sufficient to support the defendant's conviction for aggravated burglary. On the same day as the crime, less than a mile from Ms. Sain's apartment, police found the defendant in possession of a credit card taken during the burglary. Officer Stovall observed the defendant at a gas station, pumping gas for customers in exchange for cash. When questioned about the card, the defendant provided two different stories to the officers, first claiming that the card belonged to his mother, then insisting that he had received it in exchange for drugs. Further, the defendant was connected to the crime by a fingerprint on the stolen compact disc case found along with some of the other stolen property in the vacant apartment across the hall from that of Ms. Sain. While the weight to be given fingerprint evidence is for the jury to determine, a positive identification may alone be sufficient to support a conviction. See State v. Lequire, 634 S.W.2d 608,

614 (Tenn. Crim. App. 1981). Although circumstantial, the entirety of the evidence was sufficient to support the jury's finding that the defendant was the perpetrator of the offense.

II

The defendant also requests that this court review his sentence under Blakely v. Washington, 524 U.S. ___, 124 S. Ct. 2351 (2004). A Range III sentence for aggravated burglary, a Class C felony, is ten to fifteen years. Tenn. Code Ann. §§ 39-14-403(b), 40-35-112(c)(3). The trial court imposed a fifteen-year sentence based on the following enhancement factors: (2) that the defendant has a history of prior convictions or criminal behavior in addition to those necessary to establish the appropriate range; and (14) that the felony was committed while the defendant was on parole. See Tenn. Code Ann. § 40-35-114(2), (14)(B). In mitigation, the trial court found that the defendant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). The state asserts that the issue is waived. The defendant argues that the trial court had no authority to enhance the sentence beyond the minimum of ten years without the intervention of a jury.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class C felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence should then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The state asserts that the defendant has waived his <u>Blakely</u> claim by failing to raise it in the trial court. Previously, in <u>State v. Chester Wayne Walters</u>, No. M2003-03019-CCA-R3-CD, slip op. at 21 (Tenn. Crim. App., at Nashville, Oct. 4, 2004, as corrected Dec. 10, 2004), this court rejected the state's position. Recently, however, in <u>State v. Edwin Gomez and Jonathan S. Londono</u>, No. M2002-01209-SC-R11-CD, slip op. at 17 (Tenn. April 15, 2005), a majority of our supreme court held that where a defendant has failed to properly raise and preserve a <u>Blakely</u> challenge, he is limited to seeking relief via plain error review.

Moreover, prior to the majority's decision in <u>Gomez</u>, this court had observed that the United States Supreme Court's opinion in <u>Blakely</u> called into question the continuing validity of our current sentencing scheme. In that case, the Court, applying the rule in <u>Apprendi v. New Jersey</u>, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. The Court observed that "the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>." <u>Id.</u> at 2537. Finally, the Court concluded that "every defendant has a <u>right</u> to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." <u>Id.</u> at 2543. The <u>Gomez</u> majority, however, concluded that "[u]nlike the statutes at issue in <u>Blakely</u> and <u>Booker</u>, a judicial finding of an enhancement factor in Tennessee does not affect the range of punishment to which a defendant is exposed." <u>Gomez and Londono</u>, slip op. at 25. The ruling in <u>Gomez</u> controls in this instance. The defendant makes no other charge of error with regard to sentencing.

Accordingly, the judgment of the trial court is affirmed.

_____

GARY R. WADE, PRESIDING JUDGE